WEST et al., Appellants,

v.

OTIS ELEVATOR COMPANY et al.; Armor KONE Elevator Company, Appellee.

[Cite as *West v. Otis Elevator Co.* (1997), 118 Ohio App.3d 763.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE07–957.

Decided March 11, 1997.

*Matan, Geer & Wright* and *Robert D. Noble,* for appellants.

*Day & Cook, David L. Day* and *Dale D. Cook,* for appellee Armor Kone Elevator Company.

Peggy Bryant, Judge.

Plaintiffs-appellants, Carol O. West (individually, "plaintiff") and Michael L. West, appeal from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendant-appellee, Armor KONE Elevator Company ("Armor KONE"). Plaintiffs assign a single error:

"The trial court erred in granting defendant Armor KONE Elevator Company's motion for summary judgment against plaintiffs' claims as barred by the statute of limitations set forth in R.C. § 2305.10 based on plaintiffs' failure to comply with Civ.R. 15."

On November 14, 1994, plaintiffs filed a complaint in the Franklin County Court of Common Pleas. In the caption of the complaint, plaintiffs named as defendants Otis Elevator Company ("Otis"), Unitec Elevator Services Company ("Unitec") and John Does Nos. 1 through 10. Plaintiffs listed an address below each of the two named defendants; below the John Does, plaintiffs indicated "names unknown," "addresses unknown."

According to the allegations of the complaint, on November 18, 1992, plaintiff, an employee of Park Medical Center, was attempting to transfer records from the intensive care unit when she approached an elevator. The elevator doors suddenly closed, jamming plaintiff's hands between the doors and causing plain-

tiff to sustain severe and permanent injury. Plaintiffs alleged that (1) defendants negligently manufactured, designed, constructed, maintained and/or repaired the elevators, (2) defendants manufactured, designed, and installed certain elevator equipment that was defective when sold or installed, (3) defendants failed to warn plaintiff of the danger, and (4) defendants caused Michael L. West to suffer the loss of services and consortium of plaintiff.

On November 7, 1995, plaintiffs filed an amended complaint. While the caption of that complaint still included John Doe No. 1, it added as a defendant "Armor KANE [sic] Elevator Company, Inc. dba Armor Elevator Company, Inc. and/or Elevator Enterprises, Inc." On the same day, the trial court issued an order designating a special process server to serve the added defendant. Shortly thereafter, plaintiff voluntarily dismissed Otis and Unitec as defendants.

Although Armor KONE filed an answer to plaintiffs' amended complaint, on March 18, 1996, it filed a motion for summary judgment. Defendant contended that plaintiffs had failed to comply with the mandatory provisions of Civ.R. 15(D), and as a result their attempted service on Armor KONE was ineffective. Because plaintiffs failed to complete service on Armor KONE within one year after filing their original complaint as required under Civ.R. 3(A), defendant contended that the statute of limitations set forth in R.C. 2305.10 barred their amended complaint. In response, plaintiffs sought leave to file an amended complaint to rectify some of the deficiencies defendant raised in its motion for summary judgment.

Following full briefing, the trial court granted defendant's summary judgment motion, denying plaintiffs' motion for leave to file an amended complaint. Plaintiffs appeal, asserting that the trial court erred in finding their complaint barred by the statute of limitations.

Ordinarily, in cases of summary judgment under Civ.R. 56, the evidence must be construed most strongly in favor of the nonmoving party; summary judgment should be granted only if no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. A motion for summary judgment first forces the moving party to inform the court of the basis of the motion and to identify portions in the record which demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 296, 662 N.E.2d 264, 275–276. If the moving party makes that showing, the nonmoving party then must produce evidence on any issue for which the party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus, following *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d

265. The facts here, however, are undisputed. Hence the appeal presents a strictly legal issue of whether plaintiffs' amended complaint complied with the requirements of Civ.R. 15(D) so as to render it timely.

Pursuant to R.C. 2305.10, an action for bodily injury must be brought within two years after the cause of action arose. Here, plaintiff was injured on November 17, 1992; she filed her complaint on November 14, 1994.

Civ.R. 3(A), in turn, provides that an action is "commenced by filing a complaint with the court, if service is obtained within one year from such filing * * * upon a defendant identified by a fictitious name whose name is later corrected pursuant to Rule 15(D)." Defendant asserts plaintiffs failed to comply with Civ.R. 15(D) in several respects: (1) plaintiffs failed to allege in either their original or amended complaints that they could not discover the names of the John Doe defendants, (2) plaintiffs failed to request that summons be personally served on defendant, and (3) plaintiffs failed to serve a summons on defendant reflecting the words "name unknown."

In *Amerine v. Haughton Elevator Co.* (1989), 42 Ohio St.3d 57, 537 N.E.2d 208, the Supreme Court specifically applied both Civ.R. 15(D) and 3(A) to similar facts. Dorsella Amerine was injured when the elevator at her place of employment malfunctioned. Two days before the expiration of the applicable statute of limitations, she filed her original complaint on August 22, 1983, against Haughton Elevator Company and two unnamed defendants, designated as John Doe defendants because she could not immediately discover which persons repaired and maintained the elevators. In early May 1984, Amerine discovered that Otis Elevator Company was John Doe No. 2. She amended her complaint to reflect that fact and served Otis by certified mail with both the original and amended complaints. On July 17, 1984, Otis filed an answer and defended on the ground that the statute of limitations had elapsed before the complaint was amended. The trial court granted the motion, and the Supreme Court affirmed. In explaining its rationale in *Amerine*, the Supreme Court noted:

"Civ. R. 15(D) specifically requires that the summons *must* be served personally upon the defendant. In this case, service was performed by way of certified mail which is clearly not in accordance with the requirement of Civ. R. 15(D). Civ. R. 15(D) also requires that the summons *must* contain the words 'name unknown.' Appellants also failed to meet this specific requirement of the rule." (Emphasis added.) *Id.* at 58, 537 N.E.2d at 209.

The Supreme Court found that the plaintiff's failure to meet the specific requirements of Civ.R. 15(D) rendered her complaint untimely.

Plaintiffs here similarly failed to meet the requirements of Civ.R. 15(D). They failed to include within the body of their complaint the statement that they could

not discover the names of the John Doe defendants. Moreover, in serving Armor KONE personally with the amended complaint, plaintiffs not only failed to include the words "name unknown" in the summons, but altogether failed to serve a summons. Given the procedural similarity between this case and *Amerine,* our decision here is controlled by the binding authority set forth in *Amerine.*

Although plaintiffs rely on *Clint v. R.M.I. Co.* (Dec. 13, 1990), Cuyahoga App. No. 57187, unreported, 1990 WL 204348, *Clint* would not resolve all of the deficiencies in plaintiffs' compliance with Civ.R. 15(D). In *Clint,* the caption of the complaint indicated that the names and addresses of the John Doe defendants were unknown. *Clint* held that this complied with the provision of Civ.R. 15(D) requiring that the complaint state that the plaintiff could not discover the name of the John Doe defendants. Plaintiffs' deficiencies here go beyond the failure to so aver, and include the same deficiency the Supreme Court ruled on in *Amerine.* Being bound by the precedent set forth in *Amerine,* we are compelled to find that plaintiffs failed to meet the requirements of Civ.R. 15(D).

Because plaintiffs failed to comply with Civ.R. 15(D), their attempt to add Armor KONE as a defendant does not relate back to the date the complaint was filed. As a result, their action against Armor KONE fails to meet the applicable statute of limitations set forth in R.C. 2305.10. Given the foregoing, plaintiffs' single assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG and DESHLER, JJ., concur.