LAWSON et al., Appellants,

v.

HOLMES, INC., a.k.a. Holmes International, Inc., et al.;  Dover Corp., Appellee.

[Cite as *Lawson v. Holmes Inc.*, 166 Ohio App.3d 857, 2006-Ohio-2511.]

Court of Appeals of Ohio,
Twelfth District, Brown County.

No.  CA 2005–08–016.

Decided May 22, 2006.

John H. Metz and Jay P. Cauhorn, for appellants.

Dinsmore & Shohl, L.L.P., Mark A. Vander Laan, and Bryan E. Pacheco, for appellee.

WALSH, Judge.

{¶ 1} Plaintiffs-appellants, Claude, Brenda, Claude Jr., and Brian Lane Lawson appeal the decision of the Brown County Court of Common Pleas granting summary judgment in favor of defendant-appellee Dover Corporation. Appellants argue that the trial court incorrectly interpreted the requirements of Civ.R. 15(D) and erred in finding their causes of action against appellee barred by the statute of limitations. We affirm the decision of the trial court.

{¶ 2} Appellant Claude Lawson was a tow-truck driver when he was injured on May 14, 1994, in the course of his employment. Lawson was in the process of extricating a stuck vehicle when the arm of the tow truck snapped, causing the cable to strike him in the head. Lawson was severely injured. Appellants filed their causes of action, alleging bodily injury, product liability, and loss of consortium on May 14, 1996. Appellants named several defendants in the actions, including Miller Industries, Inc., a manufacturer of towing equipment, Holmes International, Inc., a subsidiary entity of Miller Industries, Inc., and two John Doe defendants. Appellants identified John Doe No. 1 as the "designer of, manufacturer of, assembler of, tester of, marketer of and/or seller of the tow truck and its equipment (Address Unknown)," and identified John Doe No. 2 as "previous owner of, operator of, controller of and/or maintainer of the tow truck and its equipment (Address Unknown)." Appellants did not assert in this complaint that the names of the John Doe defendants could not be discovered.

{¶ 3} On May 1, 1997, appellants filed a motion with the trial court for leave to file an amended complaint based on their discovery of the identity of John Doe No. 1. Appellants identified John Doe No. 1 as appellee Dover Corporation, owner of both Holmes International, Inc. and Miller Industries, Inc. at the times relevant to the cause of action. An amended complaint was attached to appellants' motion and included, in the body of the amended complaint, an averment that "plaintiffs could not discover the name of said defendants at the time of [sic]

the original complaint was filed." The trial court granted appellant's motion on May 8, 1997, stating that plaintiffs were "granted leave to file the attached Amended Complaint." The amended complaint attached to the court's entry, however, did not contain any such averment regarding the plaintiffs' previous inability to discover the identity of appellee Dover Corporation. Similarly, the amended complaint filed May 8, 1997, contains no such averment. Appellee was personally served on May 14, 1997, with both the amended complaint (filed May 8, 1997) as well as the original complaint (filed May 14, 1996). The summons served upon appellee contained the language "name unknown originally."

{¶ 4} Appellee moved for summary judgment on April 9, 1998, on the basis that appellants' causes of action were barred by the applicable statute of limitations. Appellee argued that appellants' original complaint did not comply with the requirements of Civ.R. 15(D) and that therefore the amended complaint, filed outside the two-year statute of limitations, did not relate back to the date of the original complaint, rendering it untimely and barred. Appellants submitted response briefs and further motions, but the case then sat dormant for nearly four years before plaintiffs-appellants moved to set the case for trial. Appellee responded with a request for a decision on its summary judgment motion, but the case then again sat dormant for more than three years before the trial court granted summary judgment to appellee on July 26, 2005.[1]

{¶ 5} Appellants timely filed this appeal, raising a single assignment of error:

{¶ 6} "The trial court erred to the prejudice of plaintiffs-appellants by erroneously granting defendant's motion for summary judgment."

{¶ 7} Appellants contend that they sufficiently complied with the requirements of Civ.R. 15(D) and that their amended complaint should relate back to the date of the original complaint, avoiding the bar of the statute of limitations. They argue that because the amended complaint submitted to the trial court for approval on May 1, 1997, contained the required language, the relation-back rule applies to save their causes of action. It is undisputed in this case that the applicable statute of limitations under R.C. 2305.10(A), providing a two-year period in which to initiate a cause of action, expired on May 14, 1996, the day appellants filed the original complaint.

{¶ 8} While presented as a review of a grant of summary judgment, the question on appeal represents the strictly legal issue of whether appellants complied with the requirements of Civ.R. 15(D). We review such issues de novo. See *Austin v. Std. Bldg.* (Dec. 4, 1997), Cuyahoga App. No 71840, 1997 WL 754593.

---

1. No argument regarding, or explanation for, these delays was provided by the trial court in its judgment entry or by the briefs of either party on appeal.

{¶ 9} Civ.R. 15(D) states:

{¶ 10} "Amendments where name of party unknown. When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words 'name unknown' and a copy thereof must be served personally upon defendant."

{¶ 11} The Ohio Supreme Court discussed the specific requirements of Civ.R. 15(D) in *Amerine v. Haughton Elev. Co.* (1989), 42 Ohio St.3d 57, 537 N.E.2d 208. The court held that "in determining if a previously unknown, now known, defendant has been properly served so as to avoid the time bar of an applicable statute of limitations, Civ.R. 15(D) must be read in conjunction with Civ.R. 15(C) and 3(A)." Id. at 59, 537 N.E.2d 208.

{¶ 12} Civ.R. 3(A) states:

{¶ 13} "[A] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing * * * upon a defendant identified by a fictitious name whose name is later corrected pursuant to Rule 15(D)."

{¶ 14} Civ.R. 15(C) states:

{¶ 15} "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

{¶ 16} In *Amerine,* the court considered the question whether Civ.R. 15(D), "read in conjunction with Civ.R. 15(C) and 3(A)," allowed an appellant's amended complaint, identifying a previous John Doe defendant, to "relate back to the time of the filing of the original complaint" for the purpose of sustaining a cause of action against the identified defendant despite the expiration of the applicable statute of limitations. 42 Ohio St.3d at 58, 537 N.E.2d 208. The court found that the plaintiff Amerine failed to personally serve the previous John Doe defendant, serving instead by certified mail. Id. Further, Amerine had failed to include the phrase "name unknown" in the summons served upon the previous John Doe defendant. Id. The court stated that "[i]n an appropriate case, if the specific requirements of Civ.R. 15(D) are met, Civ.R. 15(C) then must be considered." Accordingly, the court held that Amerine's failure to satisfy the requirements of the rule precluded application of the relation-back rule of Civ.R. 15(C), rendering her claim untimely and barred by the statute of limitations. Id. at 59, 537 N.E.2d 208.

{¶ 17} The Third District applied this same reasoning in finding a personal-injury claim barred by the statute of limitations in *Gates v. Precision Post* (Sept. 14, 1994), Marion App. No. 9–94–21, 1994 WL 514045. In facts similar to the case at bar, Gates was injured during the course of his employment. Gates then filed a cause of action against his employer and six John Doe defendants, within the applicable statute of limitations. However, while Gates stated in the complaint that the names and address of each John Doe defendant were unknown, he failed to aver that he was unable to discover the names of the John Doe defendants.

{¶ 18} When Gates filed amended complaints months later, identifying three of the John Doe defendants, the applicable statute of limitations for the original cause of action had expired. Gates properly served the newly identified defendants, and the summons included the required phrase "name unknown." The newly identified defendants moved for summary judgment. The trial court granted the motions, finding that Gates had failed to comply with the requirements of Civ.R. 3 and Civ.R. 15 "due to his failure to aver in the complaint the inability to discover the names of the defendants." The court then concluded that the actions against the three defendants were barred by the statute of limitations.

{¶ 19} In affirming the decision of the trial court, the Third District explained that the privilege of the relation-back rule, in cases in which a previously unknown defendant is identified by way of an amended complaint, depends upon strict compliance with Civ.R. 15(D). The court explained, "Plaintiff filed his original complaint on July 20, 1992, and he would therefore have one year in which to serve summons on the defendants, including the 'John Doe's' named in the complaint, *so long as he complied with the requirements of [Civ.R.] 15(D).*" (Emphasis added.) Finding that the trial court properly followed the Ohio Supreme Court's mandate of strict compliance in *Amerine*, the Third District affirmed the grant of summary judgment on the basis that the cause of action was barred by the applicable statute of limitations.

{¶ 20} As the Ohio Supreme Court explained in *Amerine*, the requirements of Civ.R. 15(D) must be read in conjunction with Civ.R. 3(A) and Civ.R. 15(C). 42 Ohio St.3d at 59, 537 N.E.2d 208. Therefore, when a plaintiff who has timely filed a cause of action has complied with the strict requirements of Civ.R. 15(D), he will have sufficiently initiated a cause of action under Civ.R. 3(A) against any John Doe defendants so as to avoid the statute-of-limitations bar. See *Gates*. In failing to comply with the specific requirements of Civ.R. 15(D), a plaintiff fails to initiate the cause of action with regard to those fictitiously identified defendants and therefore may not employ the relation-back privilege of Civ.R. 15(C) when an amended complaint falls outside the statute of limitations. Id.; see, also, *West v. Otis Elevator Co.* (1997), 118 Ohio App.3d 763, 766, 694 N.E.2d 93 (finding plaintiff's failure to aver inability to discover names of John

Doe defendants, and failure to serve summons upon such defendants, precluded ability to have amended complaint relate back to date of original complaint); *Mark v. Mellott Mfg. Co., Inc.* (Sept. 13, 1989), Ross App. No. 1494, 1989 WL 106933 (holding that plaintiff's failure to include the required averment in original complaint and the fact that plaintiff knew the identity of the "John Doe" defendant at time of the original complaint rendered Civ.R. 15(D) inapplicable and that the cause of action was barred by the statute of limitations).

{¶ 21} We find the Ohio Supreme Court's decision in *Amerine* to be controlling with regard to the requirements of Civ.R. 15(D). We further find *Gates's* application of the court's mandate, concluding that strict compliance with Civ.R. 15(D) requires that the necessary averment be made in the original complaint, to be persuasive. It is clear that the Ohio Supreme Court requires strict compliance with the requirements of Civ.R. 15(D) for the purposes of allowing a plaintiff to proceed with a cause of action against a previously unidentified defendant beyond the expiration of a statute of limitations. *Amerine,* 42 Ohio St.3d at 58, 537 N.E.2d 208 (stating that where the "specific requirements of Civ.R. 15(D) are met, Civ.R. 15(C) then must be considered").

{¶ 22} Appellants argue that the required averment may be made in an amended complaint and that the inclusion of such language in the original complaint would be redundant to the assertion that the name is unknown. However, it is clear that the Ohio Supreme Court and the "specific requirements" of Civ.R. 15(D) call for that averment to be made in an original complaint so as to properly initiate a cause of action against the fictitiously identified defendants.[2] We note also that despite appellants' contention that they included such language in the amended complaint submitted to the trial court on May 1, 1997, it is clear from the record that the amended complaint that appellants were granted leave to file, and therefore the amended complaint filed May 8, 1997, did not include the required averment. Appellants therefore wholly failed to comply with that requirement of Civ.R. 15(D) in that the averment regarding their inability to discover the name of appellee was not made in either the original complaint or the amended complaint approved by the court and filed May 8, 1997. Based on appellants' failure to comply with the requirements of Civ.R. 15(D), we find that the trial court properly granted summary judgment to appellee Dover Corporation on the basis that appellants' cause of action was initiated outside the applicable statute of limitations and is barred.

---

2. Contra, *Clint v. R.M.I. Co.* (Dec. 13, 1990), Cuyahoga App. Nos. 57187, 57258, 1990 WL 204348 (finding language indicating that names of John Doe defendants were unknown sufficient to satisfy requirements of Civ.R. 15(D) and stating that language referring to inability to discover names was redundant and unnecessary).

{¶ 23} Appellants contend that the harsh result achieved by requiring strict compliance with Civ.R. 15(D) in this case goes against the "basic tenet of Ohio jurisprudence that cases should be determined on their merits and not on mere procedural technicalities." See *Barksdale v. Van's Auto Sales* (1988), 38 Ohio St.3d 127, 527 N.E.2d 284. Appellants cite Civ.R. 1, directing courts to construe and apply the civil rules to effect just results, for the proposition that this court should reverse the grant of summary judgment and allow the case to proceed to trial on the merits. However, we cannot accept appellants' argument that public policy supports reversal on that basis in this case.

{¶ 24} As explained by the Sixth District in *Whitman v. Chas. F. Mann Painting Co.,* Lucas App. No. L–04–1114, 2005-Ohio-245, 2005 WL 126652:

{¶ 25} "Neither legislative intent nor public policy supports an extension of the statute of limitations. R.C. 2305.10 and the other statutes of limitation mandate that complaints be filed within specific periods of time. That mandatory language and those specific time limits reflect the clearly expressed intent of the General Assembly that the time for filing a complaint not be arbitrarily extended." (Citation omitted.) *Whitman* at ¶ 11 (plaintiff failed to comply with the strict requirements of Civ.R. 15(D) when she served defendants by certified mail and failed to include "name unknown" on amended complaint, and her complaint was therefore barred by the statute of limitations), citing *Nissen v. Callahan* (Jan. 11, 1979), Cuyahoga App. No. 38132, 1979 WL 209861.

{¶ 26} We agree with the conclusion reached by the Sixth District regarding Ohio public policy on this issue. In looking to the Ohio Supreme Court's decision in *Amerine,* and the application of that holding in cases such as *Gates* and *Mark,* it is clear that the specific requirements of Civ.R. 15(D) are threshold requirements for the proper commencement of a cause of action against a fictitiously named defendant and not mere technicalities.

{¶ 27} Based on the foregoing, appellants' assignment of error is without merit and overruled.

Judgment affirmed.

YOUNG and BRESSLER, JJ., concur.