[Cite as *Ludwigsen v. Lakeside Plaza, L.L.C.*, 2014-Ohio-5493.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| DENISE L. LUDWIGSEN, | : | |
| Plaintiff-Appellant, | : | CASE NO. CA2014-03-008 |
| - vs - | : | O P I N I O N<br>12/15/2014 |
| LAKESIDE PLAZA, LLC, et al., | : | |
| Defendants-Appellees/<br>Third-Party Plaintiffs, | : | |
| | : | |
| - vs - | : | |
| | : | |
| DONALD L. WEST, M.D., et al., | : | |
| Third-Party Defendants. | : | |
| | : | |

CIVIL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CVC 20120150

Shade Law Group, LLC, Jerry H. Shade and The Sharma Law Firm, Ravi Sharma, 5181 Natorp Drive, Suite 110, Mason, Ohio 45040, for plaintiff-appellant

Gallagher, Gams, Pryor, Tallan & Littrell, M. Jason Founds, 471 East Broad Street, 19th Floor, Columbus, Ohio 43215, for defendants-appellees/third-party plaintiffs

**M. POWELL, J.**

{¶ 1} Plaintiff-appellant, Denise L. Ludwigsen, appeals the decision of the Madison County Court of Common Pleas granting summary judgment to defendants-appellees,

Lakeside Plaza, LLC ("Lakeside") and Campbell Group, LLC ("CGL") in a negligence action.

{¶ 2} On December 23, 2009, Ludwigsen spent the afternoon helping a friend move to a new residence, and admits to taking narcotic pain medication and drinking two to three beers during that time. At around 9:00 p.m. that evening, Ludwigsen and her friend stopped at a gas station in London, Ohio. The gas station and adjacent convenience store were operated by Lakeside on property owned by CGL.

{¶ 3} After purchasing a personal-size pizza and a can of beer, Ludwigsen and her friend exited the convenience store and walked across the parking lot toward the friend's vehicle. Approximately three to four feet from the passenger-side door of the vehicle, the heel of Ludwigsen's left boot became caught in a hole in the surface of the parking lot. Her ankle immediately twisted and she fell to the ground, sustaining significant injuries to her right elbow and right shoulder. Over the course of the following few months, Ludwigsen required surgery to repair both her elbow and shoulder.

{¶ 4} On December 19, 2011, Ludwigsen filed a negligence action based on premises liability against Lakeside and "John and/or Jane Doe, Owner or Maintenance [sic] of the Property." This complaint was served by certified mail. On December 3, 2012, Ludwigsen filed an amended complaint naming CGL as a defendant in place of "John and/or Jane Doe." The amended complaint was also served by certified mail.

{¶ 5} In October 2013, Lakeside and CGL filed separate motions for summary judgment. Ludwigsen responded in early January 2014. In an entry dated February 11, 2014, the trial court granted summary judgment to Lakeside and CGL on the ground that the hole that caused Ludwigsen's fall was open and obvious.

{¶ 6} Ludwigsen now appeals, raising one assignment of error:

{¶ 7} THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BY ITS DETERMINATION THAT THE HAZARD WAS OPEN AND OBVIOUS AS A MATTER OF

LAW.

{¶ 8} This court reviews summary judgment decisions de novo, which means that we review the trial court's judgment independently and without deference to its determinations, and use the same standard in our review that the trial court should have employed. *Forste v. Oakview Constr., Inc.*, 12th Dist. Warren No. CA2009-05-054, 2009-Ohio-5516, ¶ 7.

{¶ 9} Summary judgment is appropriate under Civ.R. 56(C) when (1) there are no genuine issues of material fact to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) when all evidence is construed most strongly in favor of the nonmoving party, reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-70 (1998). The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Moody v. Pilot Travel Ctrs., L.L.C.*, 12th Dist. Butler No. CA2011-07-141, 2012-Ohio-1478, ¶ 7. Once this burden has been met, the nonmoving party may not rest on the allegations of his pleadings but must set forth specific facts showing a genuine issue for trial. *McQueen v. Kings Island*, 12th Dist. Warren No. CA2011-11-117, 2012-Ohio-3539, ¶ 7.

{¶ 10} Before examining the nature of the hazard that caused Ludwigsen's fall, we must address two issues raised below by Lakeside and CGL but not ruled upon by the trial court: (1) the statute of limitations on the claim against CGL, and (2) the photographs of the hole Ludwigsen tripped in, submitted with her summary judgment response.

**1. The Statute of Limitations on Ludwigsen's Claim Against CGL**

{¶ 11} With respect to Ludwigsen's claim against CGL, CGL argued below that it was entitled to summary judgment because the statute of limitations had expired on Ludwigsen's claim by the time she filed and served CGL with a complaint naming it as a defendant. CGL observes that Ludwigsen had from December 23, 2009, to December 23, 2011, to file her

action against it, yet she failed to properly serve CGL pursuant to Civ.R. 15(D) with the original complaint and did not name CGL as a defendant until December 2012.

{¶ 12} In response, Ludwigsen argues that Civ.R. 15(C) allows a properly amended complaint to relate back to the original complaint when a fictitious name has been used to identify a defendant. She contends that her claim against CGL was timely because she named "John and/or Jane Doe" as a "placeholder" until she could learn the identity of the owner of the property upon which Lakeside's gas station and convenience store operated. She claims that she substituted CGL as soon as she learned its identity.

{¶ 13} The trial court did not rule on these arguments. However, on appeal from a trial court's decision granting summary judgment, this court is required to conduct an independent review of the record and "stand in the shoes" of the trial court. *Touhey v. Ed's Tree & Turf, L.L.C.*, 194 Ohio App.3d 800, 2011-Ohio-3432, ¶ 21 (12th Dist.). As a result, we must affirm the trial court's judgment if any grounds the movant raised in the trial court support it, even if the trial court failed to consider those grounds. *Hall v. Circle K*, 10th Dist. Franklin No. 12AP-900, 2013-Ohio-3793, ¶ 5, citing *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41-42 (9th Dist.1995).

{¶ 14} R.C. 2305.10, the statute of limitations for personal injury actions, provides that unless a bodily injury fits within one of a few narrowly defined exceptions, an action to recover for the injury must be commenced within two years of the date the injury occurs. Under Civ.R. 3(A), an action is commenced if a complaint is filed and a defendant is served with the complaint within one year. If a defendant is unknown at the time of filing, Civ.R. 15(D) permits the plaintiff to file the complaint and later amend it when the name of the unknown party is discovered. *Anetomang v. OKI Sys. Ltd.*, 10th Dist. Franklin No. 10AP-1182, 2012-Ohio-822, ¶ 10. When a plaintiff files such an amended complaint after the statute of limitations has expired, Civ.R. 15(D) must be read in conjunction with Civ.R. 3(A)

- 4 -

and Civ.R. 15(C) to determine whether the amended complaint relates back to the filing of the original complaint.

{¶ 15} Civ.R. 3(A) provides, in pertinent part, that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing * * * upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D)." As Civ.R. 3(A) incorporates by reference the requirements of Civ.R. 15(D), the latter provision establishes the "threshold requirements" for the proper commencement of a cause of action against a fictitiously-named defendant. *Lawson v. Holmes, Inc.*, 166 Ohio App.3d 857, 2006-Ohio-2511, ¶ 26 (12th Dist.).

{¶ 16} Civ.R. 15(D) states:

> When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words "name unknown," and *a copy thereof must be served personally upon the defendant.*

(Emphasis added.)

{¶ 17} Civ.R. 15(D) allows the plaintiff to file a complaint designating a defendant by any name when the plaintiff does not know the name of that defendant, provided the plaintiff avers in the complaint that the name could not be discovered, includes in the summons the words "name unknown," and personally serves the summons on the defendant. *Erwin v. Bryan*, 125 Ohio St.3d 519, 2010-Ohio-2202, ¶ 31. Additionally, the complaint must sufficiently identify the unknown party to facilitate obtaining personal service on that defendant. *Id.*

{¶ 18} Civ.R. 15(D) does not operate as a "ceaseless placeholder" that permits a plaintiff to escape statutory time limitations for filing claims, nor does it relieve a plaintiff of his

duty to timely learn the identity of culpable parties. *Mardis v. Meadow Wood Nursing Home*, 12th Dist. Brown No. CA2010-04-007, 2010-Ohio-4800, ¶ 32, citing *Erwin* at ¶ 27, 29-30. Rather, Civ.R. 15(D) was designed for the limited purpose of accommodating a plaintiff who has identified an allegedly culpable party but does not know the name of that party at the time of filing a complaint. *Erwin* at ¶ 30. Thus, the Ohio Supreme Court requires strict compliance with its requirements. *Lawson* at ¶ 21, citing *Amerine v. Haughton Elevator Co., Div. of Reliance Elec. Co.*, 42 Ohio St.3d 57, 58 (1989).

{¶ 19} If the plaintiff satisfies the requirements of Civ.R. 15(D), then the relation-back provisions of Civ.R. 15(C) are considered. *Amerine* at 58; *LaNeve v. Atlas Recycling, Inc.*, 119 Ohio St.3d 324, 2008-Ohio-3921, ¶ 11. Civ.R. 15(C) provides that "[w]henever the claim or defense asserted in the amended pleading arose out the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Thus, provided the requirements of Civ.R. 15(D) were met and the action is commenced before the statutory time limit expired, "'service does not have to be made on the formerly fictitious, now identified, defendant within the statute of limitations.'" *Whitehead v. Skillman Corp.*, 12th Dist. Butler No. CA2014-03-061, 2014-Ohio-4893, ¶ 12, quoting *LaNeve* at ¶ 12. If, on the other hand, the plaintiff does not satisfy the specific requirements of Civ.R. 15(D), then the plaintiff fails to commence the action with regard to the fictitiously-named defendants, and he is precluded from invoking the relation-back provisions of Civ.R. 15(C). *Lawson* at ¶ 20.

{¶ 20} Ludwigsen failed to comply with the requirements of Civ.R. 15(D). First, Ludwigsen employed an improper method of service. Civ.R. 15(D) specifies that personal service is the only method by which a fictitiously-named defendant may be served. Yet Ludwigsen obtained service by certified mail of both the original complaint and the amended complaint naming CGL. *See LaNeve* at ¶ 17. Furthermore, Ludwigsen failed to meet the

specific requirement in Civ.R. 15(D) that the summons contain the words "name unknown." *See Amerine* at 58.

{¶ 21} Based on Ludwigsen's failure to comply with the requirements of Civ.R. 15(D), we find that she failed to meet the threshold requirements for the proper commencement of an action against a fictitiously-named defendant. *Lawson*, 2006-Ohio-2511 at ¶ 26. Thus, she was precluded from invoking the relation-back provisions of Civ.R. 15(C), and her action against CGL was time-barred. *LaNeve*, 2008-Ohio-3921 at ¶ 20.

{¶ 22} Therefore, CGL was entitled to summary judgment due to the expiration of the statute of limitations on Ludwigsen's claim.

## 2. The Photographs Submitted with Ludwigsen's Response

{¶ 23} Included with Ludwigsen's response to the motions for summary judgment were a series of photographs of what appeared to be the hole that caused her fall. Because these photographs were not introduced as exhibits to an affidavit or otherwise authenticated, both Lakeside and CGL argued below that the photographs were improper summary judgment evidence. Nevertheless, the trial court relied upon the photographs in rendering its judgment.

{¶ 24} Civ.R. 56(C) provides an exclusive list of materials that a trial court may consider when deciding a motion for summary judgment, including "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." *Wells Fargo v. Smith*, 12th Dist. Brown No. CA2012-04-006, 2013-Ohio-855, ¶ 15, citing Civ.R. 56(C). Any evidentiary matter not specifically authorized by Civ.R. 56(C) must be incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E). *State ex rel. Anderson v. Obetz*, 10th Dist. Franklin No. 06AP-1030, 2008-Ohio-4064, ¶ 30, citing *Biskupich v. Westbay Manor Nursing Home*, 33 Ohio App.3d 220, 222 (8th Dist.1986). Generally, the failure to authenticate a document submitted on summary judgment renders the document void of evidentiary value. *Shampton v. Springboro*, 12th

Dist. Warren No. CA98-02-014, 1999 WL 8361, *5 (Jan. 11, 1999), citing *Citizens Ins. Co. v. Burkes*, 56 Ohio App.2d 88, 95-96 (8th Dist.1978).

{¶ 25} Our review shows the photographs in question are not items specifically authorized by Civ.R. 56(C), and were not incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E). Therefore, we decline to consider the photographs as summary judgment evidence.[1]

### 3. Minor Defect

{¶ 26} We now address the nature of the hazard that Ludwigsen encountered. Both below and on appeal, Ludwigsen argued that summary judgment was inappropriate because a genuine issue of fact exists as to the size of the hole that caused her fall. She contends that this is a fact for a jury to resolve, not the court.

{¶ 27} To sustain an actionable claim for negligence, a plaintiff must establish (1) the existence of a duty, (2) a breach of that duty, and (3) an injury proximately resulting therefrom. *Moody*, 2012-Ohio-1478 at ¶ 8. The existence of a duty in a negligence action is a question of law for the court to determine, and therefore a suitable basis for summary judgment. *Galinari v. Koop*, 12th Dist. Clermont No. CA2006-10-086, 2007-Ohio-4540, ¶ 10, citing *Mussivand v. David*, 45 Ohio St.3d 314, 318 (1989).

{¶ 28} The parties do not contest that Ludwigsen was a business invitee at the time of her fall. Generally, a premises owner or occupier owes a business invitee a duty to exercise ordinary care to maintain the premises in a reasonably safe condition, so that an invitee will not be unreasonably or unnecessarily exposed to danger. *Forste*, 2009-Ohio-5516 at ¶ 13.

---

1. We acknowledge the existence of case law that suggests a court may, in its discretion, consider other documents than those enumerated in Civ.R. 56(C) if there is no objection. *Johnson v. Sears Roebuck & Co.*, 12th Dist. Clermont No. CA2000-03-017, 2000 WL 1145481, *2 (Aug. 14, 2000). In the present case, however, the record shows that Lakeside and CGL raised the issue with the trial court prior to the trial court ruling on the motions for summary judgment.

However, the premises owner or occupier is not the insurer of the invitee's safety. *Id.*, citing *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 204 (1985). Thus, "no liability rests on the owner or occupier of private premises for minor imperfections * * * which are commonly encountered and are to be expected and which are not unreasonably dangerous, representing 'trivial departures from perfection.'" *Helms v. American Legion, Inc.*, 5 Ohio St.2d 60, 62 (1966).

{¶ 29} "A pedestrian may not expect the same flat surface found on a sidewalk in a parking lot." *Sack v. Skyline Chili, Inc.*, 12th Dist. Warren No. CA2002-09-101, 2003-Ohio-2226, ¶ 16. Parking lots often develop depressions from freezing and thawing, and may also contain drainage areas and sewer lids. *Id.* Therefore, a defect in a parking lot may be determined to be a "trivial departure from perfection" – a minor defect – if it is less than two inches in height, unless attendant circumstances are shown to elevate the defect to an unreasonably dangerous condition. *Forste* at ¶ 15, citing *Cash v. Cincinnati*, 66 Ohio St.2d 319 (1981).

{¶ 30} As stated earlier, we decline to consider the photographs that Ludwigsen submitted with her response. Thus, for purposes of our review, we take Ludwigsen's deposition as the primary source of evidence.

{¶ 31} Ludwigsen testified that her husband returned to the gas station parking lot a few days after her fall and took pictures of the hole in controversy. When asked to describe the hole as shown in her husband's pictures, Ludwigsen referred not only to the photographs, but also to her recollection of the fall:

> [ATTORNEY]: What do [the photographs] show?
>
> [LUDWIGSEN]: A hole about two inches, I guess.
>
> [ATTORNEY]: Two inches deep?
>
> [LUDWIGSEN]: Wide or across or whatever. * * * I don't know.

[ATTORNEY]: You're claiming that you, what, stepped into a hole?

[LUDWIGSEN]: Yeah. About the size of my boot heel is exactly what I stepped into. My boot heel fit into it.

* * *

[ATTORNEY]: How high was the heel?

[LUDWIGSEN]: About an inch * * *. It's a horse riding boot.

* * *

[ATTORNEY]: And was [the hole] basically as big as your boot heel?

[LUDWIGSEN]: Yes.

[ATTORNEY]: So it wasn't like a big gaping hole that you stepped into and your whole foot went in there, it was just that your heel got caught?

[LUDWIGSEN]: Yeah.

{¶ 32} In short, Ludwigsen testified that the hole in the parking lot was two inches wide or deep, or alternatively that it was the size of her boot heel – approximately 1 inch high and wide. Employing the applicable standard of review for summary judgment, and construing the evidence most favorably for Ludwigsen, we conclude that the hole that caused her fall was a minor defect. *Forste*, 2009-Ohio-5516 at ¶ 23.

{¶ 33} But our inquiry does not end there. When determining whether liability exists for minor defects, courts must also consider any attendant circumstances. *McQueen*, 2012-Ohio-3539 at ¶ 12. Attendant circumstances may elevate a minor defect to an unreasonably dangerous condition to which liability attaches. *Forste* at ¶ 22.

{¶ 34} Attendant circumstances are distractions that contribute to an injury by diverting the attention of the injured party and reducing the degree of care an ordinary person would exercise at the time. *Burress v. Associated Land Grp.*, 12th Dist. Clermont No. CA2008-10-

- 10 -

096, 2009-Ohio-2450, ¶ 16, citing *McGuire v. Sears, Roebuck & Co.*, 118 Ohio App.3d 494 (1st Dist.1996). Attendant circumstances do not encompass the common or ordinary, and are beyond the control of the injured party. *Isaacs v. Meijer, Inc.*, 12th Dist. Clermont No. CA2005-10-098, 2006-Ohio-1439, ¶ 16. They must divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall. *Id.* For traffic to be considered an attendant circumstance, it must be unusual or unreasonably increase the chance of harm. *Forste* at ¶ 22.

{¶ 35} Ludwigsen contends that vehicular traffic, blowing snow, and walking with her hands full were attendant circumstances to her fall that created an unreasonably dangerous condition. Upon reviewing the record before us, however, we find that Ludwigsen failed to submit any evidence to support this contention.

{¶ 36} First, Ludwigsen failed to show that the vehicular traffic in the parking lot was unusual, or unreasonably increased the chance of harm. Instead, when asked in her deposition whether there were other vehicles in the lot, Ludwigsen responded:

> [LUDWIGSEN]: There's people coming and going, I imagine.
>
> [ATTORNEY]: I'm not asking you to imagine. I want to know if you remember seeing any other vehicles at any of the other pumps?
>
> [LUDWIGSEN]: There was a guy in a truck that helped me [after I fell]. That's all I know for sure.

{¶ 37} Similarly, Ludwigsen failed to show that the blowing snow was an uncommon or extraordinary condition. "Snow and ice are a part of wintertime life in Ohio and hazardous winter weather conditions and their attendant dangers are to be expected in this part of the country." *Walters v. Middletown Properties Co.*, 12th Dist. Butler No. CA2001-10-249, 2002-Ohio-3730, ¶ 19. At one point in her deposition, the attorney attempted to elicit a description of the snow. She responded:

> [LUDWIGSEN]: It was like spinning around. Snow was just spinning and drifting across the parking lot.
>
> [ATTORNEY]: So was it slushy?
>
> [LUDWIGSEN]: Kind of a combination. I don't know. It wasn't real bad. * * *

Additionally, when pushed to be specific about what she was doing in the seconds immediately before her fall, she admitted, "[j]ust walking normally across the parking lot, carrying something."

{¶ 38} Lastly, we need not address Ludwigsen's assertion that walking with her hands full – a boxed, personal-size pizza in one hand and an unopened can of beer in the other – was an attendant circumstance. Ludwigsen's testimony indicates that her gaze was directed either forward or to the side. There is nothing to suggest that she was looking downward, or that her vision was obstructed by the pizza box.

{¶ 39} We recognize that the trial court granted summary judgment to Lakeside and CGL on the ground that the hole that caused Ludwigsen's fall was an open and obvious hazard. However, we review the trial court's ruling independently and without deference to the trial court's determination. *Forste*, 2009-Ohio-5516 at ¶ 7. Because we conclude the hazard was a minor defect with no attendant circumstances, we need not address the propriety of the trial court's finding of open and obvious. As noted above, we must affirm the trial court's judgment if any grounds the movant raised in the trial court support it, even if the trial court did not consider those grounds. *Hall*, 2013-Ohio-3793 at ¶ 5.

{¶ 40} For all of the foregoing reasons, Ludwigsen's assignment of error is overruled.

{¶ 41} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.

- 12 -