[Cite as *Murray v. Dunn*, 2024-Ohio-1639.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| JAMES MURRAY, | : | CASE NO. CA2023-10-084 |
| Appellee, | : | O P I N I O N |
| | : | 4/29/2024 |
| - vs - | : | |
| | : | |
| DONALD DUNN, et al., | : | |
| Appellants. | : | |


CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 22CV095462


Finney Law Firm, LLC, and Jessica D. Gibson and Julie M. Gugino, for appellee.

Donald Dunn and Juliet Dunn, pro se.


**M. POWELL, J.**

{¶ 1}  Appellants, Donald and Juliet Dunn, appeal a decision of the Warren County Court of Common Pleas granting summary judgment to appellee, James Murray.

{¶ 2}  Between June 2008 and January 2016, Murray owned a residential property located in Maineville, Ohio ("Property").  On July 27, 2013, Murray leased the Property to the Dunns for a two-year term ending on July 31, 2015.  Under the lease agreement (the

"Lease"), the Dunns were to pay a monthly rent of $2,300 through July 31, 2015. Thereafter, the Lease would automatically renew on a month-to-month basis at a monthly rent of $2,800. Pursuant to the Lease, an initial payment of $4,600 (i.e., the first and last months' rent of $2,300 per month) and a security deposit of $2,300 were required. The Lease further provided a $50 late charge for each month that the rent was not paid by the fifth day of the month. The Lease also included a provision that if either party resorted to legal action to enforce its rights under the Lease, the prevailing party was entitled to reasonable attorney fees.

{¶ 3} In the spring of 2015, the Dunns fell on hard times. The Dunns made no rent payments between March 2015 and October 2015. Murray elected not to pursue an eviction; however, he expected to be paid the rent that accrued during the Dunns' occupancy of the Property. The Dunns vacated the Property in October 2015.

{¶ 4} After the Dunns failed to pay the past due rent, Murray filed a complaint on September 19, 2022, for breach of contract. The complaint also alleged that following the Dunns' vacation of the Property in October 2015, Murray discovered damage to an exterior door that required repair. The Dunns filed a pro se answer in which they sought dismissal of Murray's complaint, claiming that the Lease was not valid because Murray listed the Property for sale in the spring of 2015 and discouraged them from vacating the Property as he wanted them to assist with the Property's sale. The Dunns remained pro se throughout the litigation.

{¶ 5} On August 11, 2023, Murray moved for summary judgment. Murray sought $19,900 in past due rent (consisting of a monthly rent of $2,300 from March 2015 through July 2015 and monthly rent of $2,800 from August 2015 through October 2015), $400 in late fees ($50 per month from March 2015 through October 2015), $650 to repair a damaged door, and $8,091.41 in attorney fees and expenses. In all, Murray sought

damages of $29,041.41.

{¶ 6} Murray's motion for summary judgment was supported by his affidavit, an affidavit from the listing realtor for the Property, and an affidavit from his counsel, Jessica Gibson. Attached to Murray's affidavit were a copy of the Lease and a copy of an unauthenticated inspection report of the Property dated September 25, 2015. Murray's affidavit authenticates the Lease and further avers that the Dunns failed to pay rent from March 2015 through October 2015; past due rent totals $19,900; the Dunns owe $400 in late fees; Murray incurred a $650 expense to repair a door damaged by the Dunns; and Murray incurred $8,091.41 in reasonable attorney fees and expenses relating to the litigation. Gibson's affidavit avers that attorney fees of $7,431.85 and expenses of $659.89 were incurred in prosecuting Murray's claim and that those fees and expenses were reasonable and necessary to pursue the action.

{¶ 7} On September 8, 2023, the Dunns filed a response to Murray's motion for summary judgment; their response consisted of an unsworn, unsigned letter. Attached to their response were several unauthenticated correspondences between them and Murray, unauthenticated Zillow photographs of the interior of the Property, and a copy of their pro se answer filed in response to Murray's complaint. In opposing Murray's motion for summary judgment, the Dunns claimed the following: Murray discouraged them from vacating the Property because he wanted them to keep up the Property while it was on the market; Murray agreed to work out a modification of the Lease with them; they have no knowledge how the door was damaged and denied damaging the Property in any respect; they assisted the realtor with the sale of the Property; the attorney fees Murray seeks "appear unusually high"; and Murray's claim was barred by the statute of limitations.

{¶ 8} On September 28, 2023, the trial court summarily granted Murray's motion

- 3 -

for summary judgment and rendered judgment against the Dunns and in favor of Murray for $29,041.41.

{¶ 9} The Dunns now appeal, pro se, raising three assignments of error. The second and third assignments of error will be addressed together; the first assignment of error will be addressed last.

{¶ 10} Assignment of Error No. 2:

{¶ 11} DECISION FROM COURT ON AMOUNT OF RENT OWED IS ERRONEOUS.

{¶ 12} Assignment of Error No. 3:

{¶ 13} DECISION ON DAMAGES IS ERRONEOUS.

{¶ 14} The Dunns' second and third assignments of error challenge the trial court's decision granting summary judgment to Murray. Specifically, the Dunns argue that (1) the award for past due rent is erroneous because it does not account for the $2,300 last month's rent and the $2,300 security deposit Murray received and does not take into account Murray's February 11, 2016 letter indicating that the past due rent was $16,100, and (2) the award of $650 in damages is erroneous because there is no evidence the Dunns damaged the Property. The February 11, 2016 letter is one of the unauthenticated correspondences the Dunns attached to their response opposing Murray's motion for summary judgment. The Dunns do not challenge the award of $400 in late fees or the fact they owe past due rent.

{¶ 15} An appellate court reviews a trial court's decision on a motion for summary judgment de novo, independently, and without deference to the decision of the trial court. *Paramount Farms Intl., L.L.C. v. Ventilex B.V.*, 12th Dist. Butler No. CA2015-02-029, 2016-Ohio-1150, ¶ 16.

{¶ 16} The principal purpose of summary judgment is to allow a trial court to move

- 4 -

beyond the pleadings and analyze the evidence to determine if a need for a trial exists. *Harless v. Willis Day Warehousing Co.,* 54 Ohio St.2d 64, 66 (1978). Under Civ.R. 56(C), summary judgment is proper when (1) there are no genuine issues of material fact to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) when all evidence is construed most strongly in favor of the nonmoving party, reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370 (1998).

{¶ 17} The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). "To accomplish this, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment." *Id.* at 292-293. The evidentiary materials listed in Civ.R. 56(C) consist of "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any." "These evidentiary materials must show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Id.* at 293.

{¶ 18} Once the moving party satisfies its initial burden, the nonmoving party has a reciprocal burden to set forth specific facts showing there is some genuine issue of material fact yet remaining for the trial court to resolve. *Id.* The nonmoving party may not rest upon the mere allegations or denials of his pleadings. Civ.R. 56(E). Rather, the nonmoving party's response must present evidence setting forth specific facts showing that there is a genuine issue for trial. *Id.*; *Dresher* at 293. Summary judgment is proper if the nonmoving party fails to set forth such facts. Civ.R. 56(E); *Puhl v. U.S. Bank, N.A.*, 12th Dist. Butler No. CA2014-08-171, 2015-Ohio-2083, ¶ 13.

**{¶ 19}** Civ.R. 56(C) provides an exclusive list of materials that a trial court may consider when deciding a motion for summary judgment. *Ludwigsen v. Lakeside Plaza, L.L.C.*, 12th Dist. Madison No. CA2014-03-008, 2014-Ohio-5493, ¶ 24. Any evidentiary matter not specifically authorized by Civ.R. 56(C) must be incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E). *Id.* The requirement of Civ. R. 56(E) that sworn or certified copies of all papers referred to in the affidavit be attached is satisfied by attaching the papers to the affidavit, coupled with a statement therein that such copies are true copies and reproductions. *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 467 (1981). Generally, the failure to authenticate a document submitted on summary judgment renders the document void of evidentiary value. *Ludwigsen* at ¶ 24.

**{¶ 20}** Summary judgment was proper regarding the award of $650 in damages. Murray met his initial burden by informing the trial court of the basis of his motion and identifying parts of the record demonstrating the absence of a genuine issue of material fact. Specifically, Murray's affidavit stated that he incurred a $650 expense to repair a door damaged by the Dunns.

**{¶ 21}** Consequently, in response to Murray's motion for summary judgment, the Dunns were required to present evidence setting forth specific facts showing that there is a genuine issue for trial. In opposing Murray's motion, the Dunns ostensibly attempted to meet their reciprocal burden by attaching several unauthenticated correspondences between them and Murray and unauthenticated Zillow photographs of the interior of the Property, and by summarily denying that they caused any damage to the Property. However, neither the correspondences nor the photographs were items specifically authorized by Civ.R. 56(C), and they were not incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E). *Ludwigsen*, 2014-Ohio-5493 at ¶ 25.

Therefore, the correspondences and photographs are not proper summary judgment evidence and we decline to consider them. Furthermore, it is well established that a nonmoving party cannot rest on the mere allegations or denials of his or her pleadings. As this court has stated previously, the evidence necessary to create a genuine issue of material fact must be more than just bare, unsupported assertions. *Liegel v. Bainum*, 12th Dist. Clermont No. CA2011-06-049, 2011-Ohio-6022, ¶ 15. A nonmoving party's self-serving assertions, whether made in an affidavit, deposition, or interrogatory responses, standing alone and without corroborating materials under Civ.R. 56, will not be sufficient to demonstrate material issues of fact. *Barich v. Scheidler Med. Group, L.L.C.*, 12th Dist. Butler No. CA2015-01-004, 2015-Ohio-4446, ¶ 13.

**{¶ 22}** As the Dunns failed to meet their reciprocal burden of specificity under Civ.R. 56(E), we find that the trial court did not err in granting summary judgment to Murray regarding the award of $650 in damages, and the third assignment of error is overruled.

**{¶ 23}** We find, however, that summary judgment was improper regarding the past-due rent award. Murray's affidavit stated that the Dunns owed $19,900 in past due rent for the March-October 2015 period pursuant to the Lease which was attached to and authenticated by the affidavit. Under the Lease, an initial payment of $4,600 (i.e., the first and last months' rent of $2,300 per month) and a security deposit of $2,300 were required "prior to taking occupancy"; the security deposit was to be retained by Murray until the expiration of the Lease. Summary judgment evidence clearly shows that the Dunns took occupancy of the Property in July 2013. However, Murray's affidavit does not address whether the Dunns paid the $2,300 security deposit and $4,600 for the first and last months' rent prior to their taking occupancy. Construing the evidence in a light most favorable to the Dunns, Murray's summary judgment evidence raises a genuine issue of

- 7 -

material fact as to whether the Dunns are entitled to a credit in the amount of past due rent under the security deposit and rent provisions of the Lease. Where the evidentiary matter in support of a motion for summary judgment shows that a genuine issue of material fact exists, summary judgment must be denied even if no opposing evidentiary matter is presented. *Toledo's Great E. Shoppers City, Inc. v. Abde's Black Angus Steak House No. III, Inc.*, 24 Ohio St.3d 198, 202 (1986); *Bartlow v. Ficks*, 12th Dist. Clermont No. CA90-08-077, 1991 Ohio App. LEXIS 16, *2-3 (Jan. 7, 1991) (Evidentiary materials presented in support of a motion for summary judgment are required to establish the absence of a genuine issue of material fact; otherwise, summary judgment must be denied).

{¶ 24} We therefore find that the trial court erred in granting summary judgment to Murray regarding the award of $19,900 for past due rent. Accordingly, the Dunns' second assignment of error is sustained.

{¶ 25} Assignment of Error No. 1:

{¶ 26} DECISION FROM COURT ON ATTORNEY FEES IS ERRONEOUS.

{¶ 27} The Dunns challenge the trial court's decision granting summary judgment to Murray, arguing that the award of attorney fees is erroneous because there was no expert testimony that the fees were reasonable and necessary.

{¶ 28} Murray moved for summary judgment, seeking $8,091.41 in attorney fees and expenses pursuant to the attorney fees provision of the Lease. The motion was supported by Murray's affidavit and that of his counsel Gibson. Both affidavits aver that Murray has incurred $8,091.41 in reasonable attorney fees and expenses ($7,431.86 in attorney fees and $659.89 in expenses). Gibson's affidavit further avers that these attorney fees and expenses were necessary to pursue the action.

{¶ 29} We find that the trial court erred when it awarded Murray $7,431.86 in

attorney fees and $659.89 in litigation expenses. There is no steadfast rule in Ohio that the "reasonableness" of attorney fees must be proved by expert testimony. *Marshall & Melhorn, L.L.C. v. Sullinger*, 6th Dist. Lucas No. L-18-1218, 2020-Ohio-1240, ¶ 51; *Cleveland v. Capitalsource Bank*, 8th Dist. Cuyahoga No. 103231, 2016-Ohio-3172, ¶ 13. Nonetheless, "[i]n order to allow an award of attorney fees, there must be evidence concerning the proper measure of such fees." *Auber v. Marc Glassman, Inc.*, 8th Dist. Cuyahoga No. 80283, 2002-Ohio-2749, ¶ 26. The factors a trial court must consider in calculating the amount of reasonable attorney fees include (1) the time and labor involved in maintaining the litigation; (2) the novelty, complexity, and difficulty of the questions involved; (3) the professional skill required to perform the necessary legal services; (4) the experience, reputation, and ability of the attorneys; and (5) the miscellaneous expenses of the litigation. *Id.*, citing *Hutchinson v. J.C. Penney Cas. Ins. Co.*, 17 Ohio St.3d 195, 200 (1985). Additional factors to consider are "the fee customarily charged in the locality for similar legal services" and "the amount involved and the results obtained." *Auber* at ¶ 26.

{¶ 30} Murray's and Gibson's affidavits simply state that Murray has incurred $8,091.41 in reasonable attorney fees and expenses relating to the litigation. "This is not evidence in accordance with the *Hutchinson* rationale. The trial judge was left to speculate what reasonable attorney fees should be. This award cannot stand without some evidentiary support pursuant to *Hutchinson*." *Id.* at ¶ 31.

{¶ 31} Accordingly, we reverse the trial court's award of $8,091.41 in attorney fees and expenses. The Dunns' first assignment of error is sustained.

{¶ 32} In conclusion, we affirm the trial court's decision granting summary judgment with respect to the amount of damages to the premises. However, we reverse and remand for further proceedings pertaining to the issues of the total amount of past-

due rent owed and the amount of attorney fees.

{¶ 33} Judgment affirmed in part, reversed in part, and remanded for further proceedings.

S. POWELL, P.J., and HENDRICKSON, J., concur.