HENDRICKSON, P.J.
*42 {¶ 1} Plaintiff-appellant, Embassy Healthcare, appeals from a summary judgment decision rendered by the Franklin Municipal Court in favor of defendant-appellee, Cora Sue Bell. For the reasons detailed below, we reverse.
{¶ 2} Embassy operates a nursing home where Bell's late husband, Robert, stayed beginning in early 2014. Robert passed away in May 2014 and no estate was opened. Over six months after his death, Embassy issued Bell a letter asking for payment from Robert's estate for unpaid nursing services. The letter was addressed to "The Estate of: ROBERT BELL, c/o CORA BELL, Fiduciary" and began "Dear Personal Representative of the Estate."[1]
{¶ 3} In June 2015, Embassy sued Bell, asserting a claim pursuant to R.C. 3103.03, i.e., Ohio's necessaries statute. Embassy alleged in the complaint that it provided Robert with $1,678 in unpaid nursing services. The complaint further alleged that Bell was obligated to reimburse it for Robert's debt under the necessaries statute.
{¶ 4} After filing her answer, Bell moved for summary judgment and attached her affidavit in support. In the motion, Bell argued that Embassy could not prove certain elements of its claim under the necessaries statute and further, that the claim was time barred by the six-month statute of limitations for filing claims against a decedent's estate.
{¶ 5} To show that Robert could support himself and had the ability to pay Embassy for its nursing services-a fact which could potentially defeat Embassy's necessaries claim-Bell included averments in her summary judgment affidavit related to Robert's Medicare insurance policies in effect prior to his death. Bell averred that her late husband had Medicare coverage, including a supplemental policy that paid for 100 days of skilled nursing care. Bell further averred that at as of April 2014, Robert had 54 days of coverage for skilled nursing remaining.
{¶ 6} Embassy filed a responsive memorandum and included an affidavit of its custodian of records. Through the affidavit, the custodian authenticated billing records and Robert's admission packet. A portion of the packet reflecting Robert's financial resources appeared to show that his sources of income were social security and a pension.
{¶ 7} A magistrate issued a decision recommending that the court find in favor of Bell and dismiss Embassy's complaint. The magistrate reasoned that Embassy failed to offer any evidence demonstrating that Robert was unable to support himself and could not pay for the services Embassy provided.
{¶ 8} Embassy filed objections, which the trial court overruled. In its decision, the trial court's basis for finding in favor of Bell differed from that of the magistrate. The court found that Robert's alleged debt to Embassy became a debt of Robert's estate upon his death. The court then concluded that Embassy was time barred from recovering the alleged debt because it failed to present a claim to Robert's estate, or open an estate for the purposes of doing so, within the six-month limitations period imposed by R.C. 2117.06. Effectively, the court found that Embassy was required to pursue its claim against *43 Robert's estate before it could attempt to recover against Bell under R.C. 3103.03.
{¶ 9} Embassy presents one assignment of error on appeal:
{¶ 10} THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
{¶ 11} Embassy argues that the court erred when it concluded that Embassy's failure to present a claim against Robert's estate within the time requirements set forth in R.C. 2117.06 preclude it from asserting a R.C. 3103.03 necessaries claim against Bell for the same debt. Embassy further argues that Bell did not support her summary judgment motion with facts sufficient to demonstrate the absence of a genuine issue of fact with respect to Robert's ability to support himself, and thus, it had no reciprocal burden under Civ.R. 56(E) to produce genuine issues of fact for trial. We address each argument in turn.
{¶ 12} This court reviews summary judgment decisions de novo, which means that we review the trial court's judgment independently and without deference to its determinations and use the same standard in our review that the trial court should have employed. Ludwigsen v. Lakeside Plaza, L.L.C. , 12th Dist. Madison No. CA2014-03-008, 2014-Ohio-5493, 2014 WL 7014717, ¶ 8. Summary judgment is appropriate under Civ.R. 56(C) when (1) there are no genuine issues of material fact to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) when all evidence is construed most strongly in favor of the nonmoving party, reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Zivich v. Mentor Soccer Club , 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C).
{¶ 13} The movant bears the initial burden of informing the court of the basis of the motion and demonstrating the absence of a genuine issue of material fact. Ludwigsen at ¶ 9. Once the moving party meets this burden, the nonmoving party may not rest on the allegations of his pleadings but must set forth specific facts showing a genuine issue for trial. Id . Civ.R. 56(E).
Presentment of claims against estates and R.C. 3103.03
{¶ 14} R.C. 3103.03, the necessaries statute, provides in pertinent part:
(A) Each married person must support the person's self and spouse out of the person's property or by the person's labor. If a married person is unable to do so, the spouse of the married person must assist in the support so far as the spouse is able.
* * *
(C) If a married person neglects to support the person's spouse in accordance with this section, any other person, in good faith, may supply the spouse with necessaries for the support of the spouse and recover the reasonable value of the necessaries supplied from the married person who neglected to support the spouse unless the spouse abandons that person without cause.
{¶ 15} R.C. 2117.06 governs the method of asserting claims against a decedent's estate. In relevant part, it provides:
(A) All creditors having claims against an estate , including claims arising out of contract * * * shall present *44 their claims in one of the following manners: * * *
(B) * * * a claim that is not presented within six months after the death of the decedent shall be forever barred as to all parties, including, but not limited to, devisees, legatees, and distributees. No payment shall be made on the claim and no action shall be maintained on the claim * * *.
(Emphasis added.)
{¶ 16} It is undisputed that Embassy's attorney presented Bell, as the fiduciary or personal representative of her husband's estate, with a letter requesting the balance of Robert's Embassy account in the amount of $1,678. It was Bell's argument below that this letter was used to present a claim against her late husband's estate and Embassy had an obligation to timely seek the balance due from her husband's estate before pursuing a claim against her individually. Thus, since the letter was not presented within six months of her husband's death, Embassy's claim is now barred pursuant to R.C. 2117.06. On appeal, Embassy argues that the trial court erred by denying it's claim based upon its alleged failure to comply with R.C. 2117.06 prior to pursuing collection from Bell under the necessaries statute, R.C. 3103.03.
{¶ 17} We agree with Embassy that the trial court erred in its conclusion that the failure to present a claim against an estate within the time requirements set forth in R.C. 2117.06 precludes a creditor from pursuing a claim for necessaries against a decedent debtor's spouse under R.C. 3103.03. The plain language of R.C. 2117.06 makes clear that it is applicable only to claims against an estate. Embassy's claim under R.C. 3103.03 is not a claim against Robert's estate but is a personal claim against Bell.
{¶ 18} R.C. 3103.03 creates a personal and independent cause of action against a spouse who neglects to pay for the other spouse's "necessaries." R.C. 3103.03 makes no reference to R.C. 2117.06. Nor can we reasonably interpret the claim to be dependent upon the timely presentation of a separate claim against the debtor spouse's estate. If a creditor can prove every necessary element under R.C. 3103.03, it can maintain a cause of action for the recovery of "necessaries" against a debtor's spouse regardless of whether it timely presented a claim against the deceased debtor's estate. However, the creditor pursuing a necessaries claim must prove that a deceased debtor was unable to support himself. If the creditor cannot prove that element of the claim and fails to timely present a claim against the debtor's estate, it runs the risk of losing the ability to pursue the debt entirely.
{¶ 19} The trial court found that R.C. 2117.06 and R.C. 3103.03 were irreconcilable because the former provides that a claim against an estate is barred after the six-month limitations period "as to all parties, including, but not limited to, devisees, legatees, and distributees." We do not agree that the two statutes are irreconcilable. R.C. 2117.06 precludes all creditors-whether they are seeking recovery of necessaries or otherwise-from presenting a claim against an estate to satisfy a decedent's inter vivos debt after the six-month period under R.C. 2117.06 has expired.[2] We interpret the "all parties" language to mean that the beneficiaries of the estate *45 also receive estate assets free of any claim by a creditor. However, and as stated previously, a claim brought under R.C. 3103.03 is not a claim against an estate but is a separate statutory cause of action against a debtor's spouse. A creditor's right to pursue such a claim does not depend on whether the debtor is living or whether an estate exists. In the context of this case, a claim brought under the necessaries statute is simply not within the purview of R.C. 2117.06. See also Cleveland Metropolitan Gen. Hosp. v. Firestone , 8th Dist. Cuyahoga No. 40967, 1980 WL 354787, *1-4 (Aug. 14, 1980) (concluding that the failure to present a claim within the time requirements of R.C. 2117.06 did not bar an action for medical expenses under R.C. 3103.03 ).
Summary judgment evidence of Robert's ability to support himself
{¶ 20} To prevail on its claim against Bell at trial, Embassy would be required to prove, inter alia , that Robert was unable to support himself and pay Embassy for its services or that Robert's estate was unable pay for the services. See Home Helpers/Direct Link v. St. Pierre , 196 Ohio App.3d 480, 2011-Ohio-4909, 964 N.E.2d 41, ¶ 16 (12th Dist.2011). Bell argues that she supported her summary judgment motion with evidence demonstrating that Robert had Medicare insurance that should have covered the cost of Embassy's nursing services. Bell contends that when she submitted this evidence in moving for summary judgment, the burden shifted to Embassy to produce a genuine issue of fact indicating that Robert could not support himself. According to Bell, Embassy did not meet its reciprocal evidentiary burden. Therefore, she was entitled to summary judgment.
{¶ 21} Bell's summary judgment evidence on the issue of Robert's ability to support himself consisted of these two averments in her affidavit:
6. My husband had Medicare coverage and a Medicare supplemental policy which covered in full 100 days of skilled nursing care.
7. As of April 5, 2014, my husband had 54 days of skilled nursing care coverage remaining * * *."
Bell's affidavit also authenticated an exhibit consisting of Medicare documents detailing how Robert's policy paid for his earlier care at Embassy's nursing facility and how many days of skilled nursing coverage he had remaining.
{¶ 22} After reviewing the summary judgment record, this court concludes Bell's affidavit and the supporting documentation failed to demonstrate the absence of a genuine issue of fact with respect to Robert's ability to support himself or pay Embassy. Bell's summary judgment evidence indicates that Robert may have had a means of paying Embassy and thus may have been able to support himself. However, her averments and the documentary evidence did not establish: (1) what specific medical services Embassy provided to Robert for which it now sought payment, (2) whether Robert's Medicare policy would have covered those specific services, and (3) whether a portion of the costs for Embassy's services may have been Robert's responsibility through coinsurance or copays. In this last regard, some of the Medicare documents appear to indicate that Robert had a coinsurance obligation.
{¶ 23} Furthermore, affidavits in support of summary judgment must be made on personal knowledge, "shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Civ.R. 56(E). The averments in Bell's affidavit *46 lead us to believe that she simply reviewed Robert's Medicare documents in her possession to reach the conclusion that his skilled nursing coverage would pay for Embassy's services. The averments do not indicate that Bell has personal knowledge of how Medicare would have responded to Embassy's claim for services. Accordingly, the implication of Bell's affidavit, i.e., that Robert had insurance coverage for the alleged debt to Embassy, is conclusory and insufficient for summary judgment purposes. See HSBC Mortg. Servs. v. Williams , 12th Dist. Butler No. CA2013-09-174, 2014-Ohio-3778, 2014 WL 4291760, ¶ 12-17.
{¶ 24} The only conclusion we can reach from Bell's summary judgment evidence is that Robert had insurance policies through Medicare that may have covered Embassy's nursing costs. Based upon this evidence, Bell-as the moving party-did not "affirmatively demonstrate" that Embassy could not establish the inability to support element of its necessaries claim. Dresher v. Burt , 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996).
{¶ 25} Bell is correct that Embassy also did not establish through its rebuttal evidence that Robert lacked the ability to pay. However, because Bell failed to meet her initial burden under Civ.R. 56 to show the absence of a genuine issue of fact, Embassy was not required to file rebuttal evidence to survive summary judgment. Id .See also Polivka v. Cox , 10th Dist. Franklin No. 01AP-1023, 2002-Ohio-2420, 2002 WL 1013057 (reversing summary judgment where the defendant's affidavit in support failed to sufficiently demonstrate the absence of a genuine issue of material fact).
{¶ 26} Accordingly, we find merit in Embassy's assignment of error. We reverse the decision of the trial court granting summary judgment in favor of Bell. The case is remanded for further proceedings consistent with this Opinion.
M. POWELL, J., concurs.
PIPER, J., dissents.

The dissent notes that language in this letter informed Bell that she was not personally responsible for payment. However, Embassy directed the letter to Bell in her assumed role as fiduciary of her late husband's estate and not individually.

There is a statutory exception to the six-month limitation which is irrelevant for purposes of this appeal.