STRADTNER ET AL., APPELLANTS, *v.* CINCINNATI REDS, INC., APPELLEE.

(No. C-72198—Decided December 26, 1972.)

*Mr. Douglas M. Mansfield,* for appellants.
*Messrs. Rendigs, Fry, Kiely & Dennis* and *Mr. J. Kenneth Meagher,* for appellee.

HESS, P. J. This is an appeal from a summary judgment entered by the Court of Common Pleas of Hamilton County, in favor of defendant, the appellee herein. The parties will be referred to as they appeared in the trial court.

Plaintiffs alleged in their complaint that the defendant was negligent in that it did not provide protective screening to prevent Sharon Stradtner, one plaintiff herein, from being struck by a batted ball; that it failed to warn her of the risks and dangers to which she was subject while watching a baseball game; and that as a result of defendant's negligence plaintiff was injured.

The second count of the complaint sets forth a claim by plaintiff Robert Stradtner, husband of Sharon Stradtner, for the loss of services and consortium of his wife.

Defendant's answer denied that it was negligent and claims that there are certain natural perils and dangers that are incident to the game of baseball which are not within the power of the defendant or players to control. Defendant states that if plaintiff was injured as alleged then she assumed the risk of being exposed to dangers incident to the game when she elected to take a seat in an unscreened section of the stands.

On January 4, 1972, defendant filed a motion for summary judgment in its favor. On May 15, 1972, the trial court granted summary judgment in favor of the defendant.

Plaintiffs present a single assignment of error which claims that the trial court "erred in ruling that the defendant, a baseball club, was entitled to a summary judgment as a matter of law against a spectator who was struck and injured by a batted ball during the course of a game when that spectator had no knowldge of the game of baseball or the dangers and the risks inherent in observing a game and was not warned of those dangers and risks by the baseball club."

It appears from the record that on May 30, 1970, plaintiff Saron Stradtner, age twenty years, came to Cincinnati, Ohio from Louisville, Kentucky, in the company of a friend for the purpose of attending a baseball game at Crosley Field, defendant's ballpark.

The seating arrangement of the ballpark was such that screening was provided in front of certain sections of the stands for the use of spectators desiring such protection. For those patrons preferring an unobstructed view, unscreened sections were provided.

Upon ascertaining that no seats were available in the screened portion of the stands, the plaintiff and her friend purchased tickets from a private individual outside of Crosley Field. Plaintiff's ticket entitled her to sit in a seat in an unscreened portion of the stands.

When plaintiff reached her seat, the game was already in progress. Immediately thereafter, plaintiff and her friend attempted to locate seats in another portion of the stands equipped with screening, but were unsuccessful in their attempt.

The plaintiff was seated in the ballpark for a period of forty minutes when she was struck in the face and injured by a ball hit into the stands.

Prior to attending the game in question, plaintiff's previous exposure to the game of baseball had consisted of intermittently viewing a game on television in the home of a friend.

It is common knowledge that in baseball games balls are thrown and batted with swiftness and that they are liable to be thrown or batted outside the lines of the diamond. Spectators who are so positioned that they may be reached by such balls assume the risk of being hit and injured, since they can follow the ball and can thus usually avoid being hit when a ball is directed toward them. *Cincinnati Baseball Club Co.* v. *Eno,* 112 Ohio St. 175; *Ivory* v. *Cincinnati Baseball Club Co.,* 62 Ohio App. 514.

In *Ivory* v. *Cincinnati Baseball Club Co., supra,* the court, in discussing the duty of a baseball club which owns or has possession of a ballpark to persons who have paid a consideration for the privilege of witnessing a game, stated, at 518:

"* * * The duty of the invitor to the invitee is stated in the syllabus to *Cincinnati Baseball Club Co.* v. *Eno, supra,* to be to 'exercise ordinary care * * * to render the premises reasonably safe for the invitees.' But the invitor is not an insurer of the safety of the invitee; neither is the invitee protected against all hazards, nor relieved of all duty to himself for his own safety. And the extent to which the duty of self-protection rests upon the invitee, the duty of the invitor to protect is reduced. The extent of these relative duties depends upon many factors involving the capacity and opportunity of the invitor to protect the invitee and the capacity and opportunity of the invitee to protect himself."

Before the defendant ball club would be entitled to a summary judgment on the theory that the plaintiff assumed the risk, it must be proved that the plaintiff had knowledge of the condition; that the condition was patently dangerous; and that she voluntarily exposed herself to the hazard created. *Briere* v. *Lathrop Co.*, 22 Ohio St. 2d 166.

It is clear from the record that plaintiff Sharon Stradtner, prior to attending the ballgame in question, viewed a baseball game intermittently on television; that she was seated in the seat designated on her ticket for approximately forty minutes prior to being struck by a baseball; and that prior to and after purchasing her ticket she attempted to secure seating in a screened portion of the stands.

The record clearly demonstrates that the plaintiff made several attempts to secure screened seating and thus assumed the risk incident to sitting in an unscreened portion of the stands. Plaintiff voluntarily exposed herself to the risks incident to the game.

The trial court correctly determined that there was no genuine issue of any material fact and that defendant, Cincinnati Reds, Inc., was entitled to a summary judgment as a matter of law.

For the reasons presented herein, the plaintiff's single assignment of error is not well taken.

Therefore, it is ordered that the judgment of the Court of Common Pleas of Hamilton County should be, and the same hereby is, affirmed.

*Judgment affirmed.*

SHANNON and YOUNG, JJ., concur.