JOURNAL ENTRY and OPINION
{¶ 1} Plaintiffs-appellants, Donna and Ronald Rees (the Reeses), appeal the trial court's decision granting defendants-appellees, the Cleveland Indians Baseball Company and the Office of the Commissioner of Baseball's (collectively referred to as the "Baseball Defendants") motion for summary judgment. Finding no merit to the appeal, we affirm.
 {¶ 2} In 1998, the Reeses attended a baseball game between the Cleveland Indians and the New York Yankees at Jacobs Field in Cleveland. The Reeses were seated in the second row near third base. During the top of the fifth inning, Donna Rees was hit in the face by a broken bat, which entered the stands.
 {¶ 3} In February 2003, the Reeses filed a complaint against the Baseball Defendants, the New York Yankees Partnership, and Rawlings Sporting Goods Company, Inc., alleging negligence and wilful and reckless failure to protect spectators from objects such as baseball bats and baseballs from flying into unprotected and uncovered stands and failure to warn spectators of these risks.[1] Ronald Rees pursued a claim for loss of consortium as a result of Donna Rees' injury.
 {¶ 4} The Baseball Defendants moved for summary judgment, claiming that the Reeses' claims were barred by the affirmative defense of primary assumption of the risk, that ordinary risks of the game are assumed by spectators, and, thus, they had no duty to warn or to provide protective screening throughout the entire park.
 {¶ 5} The court granted summary judgment for the Baseball Defendants, finding that the Reeses' claims were barred by primary assumption of the risk and concluding that the Baseball Defendants owed the Reeses no duty of care and, thus, no duty to warn. The Reeses appeal this decision, raising four assignments of error, which will be addressed together where appropriate.
 Existence of Material Facts {¶ 6} In their first and second assignments of error, the Reeses argue that the trial court failed to apply the correct legal standard for summary judgment and that material facts exist which preclude summary judgment.
 {¶ 7} Appellate review of summary judgment is de novo.Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336, 671 N.E.2d 241; Zemcik v. La Pine Truck Sales Equipment (1998), 124 Ohio App.3d 581, 585, 706 N.E.2d 860. The Ohio Supreme Court set forth the appropriate test in Zivich v.Mentor Soccer Club, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389,696 N.E.2d 201, as follows:
{¶ 8} "Pursuant to Civ.R. 56, summary judgment is appropriatewhen (1) there is no genuine issue of material fact, (2) themoving party is entitled to judgment as a matter of law, and (3)reasonable minds can come to but one conclusion and thatconclusion is adverse to the nonmoving party, said party beingentitled to have the evidence construed most strongly in hisfavor. Horton v. Harwick Chem. Corp., 73 Ohio St.3d 679,1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus.The party moving for summary judgment bears the burden of showingthat there is no genuine issue of material fact and that it isentitled to judgment as a matter of law. Dresher v. Burt,75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264."
 {¶ 9} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385,1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg,65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.
 Primary Assumption of the Risk {¶ 10} The Reeses claim that a genuine issue of material fact exists regarding whether they are subject to the defense of primary assumption of the risk. They agree that baseballs entering the spectator stands are a common occurrence and the dangers of such are open, obvious, and expected. However, they maintain that broken bats are not a common occurrence and, thus, they claim they were unable to appreciate such a risk.
 {¶ 11} Primary assumption of the risk is essentially a principle of no duty, or no negligence, to the injured plaintiff.Gallagher v. Cleveland Browns (1996), 74 Ohio St.3d 427, 431,659 N.E.2d 1232. See, also, Gentry v. Craycraft,101 Ohio St.3d 141, 144, 2004-Ohio-379, 802 N.E.2d 1116, citing Prosser 
Keeton, The Law of Torts (5th Ed. 1984) 496, Section 68. "Because a successful primary assumption of risk defense means that the duty element of negligence is not established as a matter of law, the defense prevents the plaintiff from even making a prima facie case." Id. at 431-432.
 {¶ 12} This defense is typically used in baseball cases where a person is injured when a baseball enters the spectator area. As the Ohio Supreme Court stated in Anderson v. Ceccardi (1983),6 Ohio St.3d 110, 114, 451 N.E.2d 780:
{¶ 13} "This standard was stated in dicta in the case ofCincinnati Base Ball Club Co. v. Eno (1925), 112 Ohio St. 175,180-181, as follows: `The consensus of the above opinions is tothe effect that it is common knowledge that in baseball gameshard balls are thrown and batted with great swiftness, that theyare liable to be thrown or batted outside the lines of thediamond, and that spectators in positions which may be reached bysuch balls assume the risk thereof.'"
 {¶ 14} Ohio courts have consistently held that assumption of the risk bars recovery by spectators who are injured by baseballs thrown or batted during the normal course of the game. See,Stradtner v. Cincinnati Reds, Inc. (1972), 39 Ohio App.2d 199,316 N.E.2d 924; Eno, supra. Moreover, other states have determined that baseball games present inherent risks that are well known to the public, and that anyone who attends these events assumes the risk of injury. See, e.g. Alwin v. St. PaulSaints Baseball Club, Inc. (2003), 41 Mass. App. Ct. 643,672 N.E.2d 570; Friedman v. Houston Sports Ass'n (1987),731 S.W.2d 572.
 {¶ 15} While we recognize that a majority of these cases focus on injury sustained when baseballs enter the stands, Ohio courts and other jurisdictions have applied the same principles of primary assumption of the risk in non-baseball cases.
 {¶ 16} In Gentry, supra, the Ohio Supreme Court concluded that "the determinative factor in a defendant's liability in sports and recreational activity cases is the conduct of the defendant himself, not the participant's or spectator's ability or inability to appreciate the inherent dangers of the activity." Id. at 144. Moreover, the Court, in finding no liability in sports or recreational activity, reasoned:
{¶ 17} "that spectators as well as participants `must acceptfrom a participant conduct associated with that sport' oractivity and that where injuries stem from `conduct that is aforeseeable, customary part' of the activity, the defendant`cannot be held liable for negligence because no duty is owed toprotect the victim from that conduct.'" Id., citing Thompson v.McNeil (1990), 53 Ohio St.3d 102, 104, 559 N.E.2d 705.
 • * *
 {¶ 18} "In limiting a defendant's liability in sports andrecreational activities, courts have relied upon primaryassumption of the risk and have reasoned that "those entirelyignorant of the risks of a sport, still assume the risk (in this`primary' sense) by participating in a sport or simply byattending the game. The law simply deems certain risks asaccepted by plaintiff regardless of actual knowledge or consent."(Footnotes omitted.) Susan M. Gilles, From Baseball Parks to thePublic Arena: Assumption of the Risk in Tort Law andConstitutional Libel Law (2002), 75 Temple L.Rev. 231, 236." Id.at 144.
 {¶ 19} In Gum v. Cleveland Electric Illuminating Co. (Feb. 13, 1997), Cuyahoga App. No. 70833, this court upheld summary judgment for the utility company when the plaintiff was injured as he grabbed electrical lines to prevent his falling off a roof. We held that "to impose assumption of the risk, the plaintiff need only consciously expose himself to the known risk, not directly to the exact episode which causes the injury." Id. at 15.
{¶ 20} "By analogy to the baseball cases, to which the SupremeCourt finds the principle applies, the baseball fan assumes therisk of being hit by a foul ball when he takes his place in thestands, not at the moment the foul ball comes flying his way. Inother words, he does not have to envision the exact circumstancesunder which the injury is incurred." Id. See, also, Miljkovicv. Greater Cleveland Regional Transit Authority (Oct. 12,2000), Cuyahoga App. No. 77214.
 {¶ 21} This is a case of first impression in Ohio, as there is no case directly on point involving a broken bat. However, a Michigan appellate court recently decided a case involving facts similar to the instant case. In Benejam v. Detroit Tigers
(2001), 246 Mich. App. 645, 635 N.W.2d 219, the court addressed the issues of duty of care and the duty to warn a spectator about projectiles from the field entering the spectator stands.
 {¶ 22} In Benejam, a young girl was seated near third base behind a protective screen. A player's bat broke and a fragment of it flew around the screen and struck her, causing injury. In denying her claim, the Benejam court concluded that spectators are aware of the risks of sitting in the stands and, in fact, welcome that risk to a certain extent. Id. at 651.[2] "For most fans, the everyday reality of attending a baseball game includes voluntarily subjecting oneself to the risk that a ball or bat might leave the field and cause injury." Id. at 656. TheBenejam court held that if protective seating is provided, "the baseball stadium owner has fulfilled its duty and there can be no liability for spectators who are injured by a projectile from the field." Id. at 652. In so holding, the court found no analytical difference between baseballs and bats that leave the field of play and cause injury.
 {¶ 23} While we acknowledge that the Benejam decision is not controlling law, we find the court's analysis persuasive. In the instant case, Donna Rees, an avid baseball fan, attended at least two Indians games each year from 1995 until the 1998 incident. She stated in her deposition that she watched the Indians games on television and attended non-professional games on a weekly basis.
 {¶ 24} She admitted that while watching games on television, she saw the bat fly from a batter's hands and saw a player swing and break a bat. However, she claimed that she was unaware that broken bats could enter the stands.
 {¶ 25} Donna Rees received the tickets for the 1998 game from her brother, and she voluntarily sat in the unprotected seats near third base. She stated in her deposition that she had used those seats for three years prior to the 1998 incident. She never spoke to the ushers about her safety, and she admitted that she was aware that other seats had protective netting. She claimed that had she been given the opportunity to sit in protected seats, she would have done so.
 {¶ 26} We find that because of her familiarity with the stadium, the game of baseball, and the specific location of her seat, she knew that she was unprotected from objects that might enter the stands. Therefore, we find that the defense of primary assumption of the risk is an appropriate defense in this case, thus barring the Reeses' claims against the Baseball Defendants. The Baseball Defendants owed no duty to the Reeses in this matter.
 Adequate Warning {¶ 27} The Reeses also argue that genuine issues of material fact exist as to whether the warning provided was adequate. Having determined that the Baseball Defendants owed no duty to the Reeses under the doctrine of primary assumption of the risk, the Baseball Defendants did not have a duty to warn. Collier v.Northland Swim Club (1987), 35 Ohio App.3d 35, 518 N.E.2d 1226
(The concept of primary assumption of the risk provides that there is no duty to warn patrons of risk of harm within common knowledge).
 {¶ 28} Ohio courts have previously determined that:
{¶ 29} "Where a spectator at a baseball game, who receivesinjuries through being struck by a batted ball, claims the ownerof the facilities negligently failed to provide a warning of thedangerous condition of the seating arrangement, such owner isentitled to a summary judgment on the theory of assumption of therisk, if it is shown that the spectator had knowledge the seatingwas unprotected; that the exposure was patently dangerous; andthat such seating was occupied voluntarily." Stradtner,supra.
 {¶ 30} In the instant case, Donna Rees stated in her deposition that she and her husband sat in those seats on numerous occasions; thus, she knew the seating was unprotected. It is also uncontroverted that she voluntarily sat in those seats. We find that Donna Rees voluntarily exposed herself to the risks related to the game.
 {¶ 31} Moreover, there is evidence that there were warnings given to Donna Rees at the game, although she contends that she did not see, hear, or read any of the warnings. This court is not inclined to impute liability to the Baseball Defendants after they provided multiple warnings that the Reeses could have reasonably perceived but did not. The back of the ticket warns spectators as follows:
{¶ 32} "The holder assumes all risk and danger incidental tothe game of baseball occurring prior to, during or subsequent tothe actual playing of the game, including specifically (but notexclusively) the danger of being injured by thrown bats, orfragments thereof, and thrown or batted balls * * *"
 {¶ 33} The disclaimer explicitly warns the spectator of the danger of "thrown bats, or fragments thereof." Moreover, the Baseball Defendants claimed that a similar warning was announced on the loudspeaker and appeared on the scoreboard.
 {¶ 34} We find no distinction between broken bats or baseballs entering the stands. It could be foreseeable that any object inherent to the play of the game could fly into the spectator stands. Had the object been a chair thrown by a player into the spectator stands, we would be inclined to agree with the Reeses. However, the object in this case was a broken bat, an object inherent to the play of the game and, thus, foreseeable. While the Reeses' claim that broken bats entering the stands are not routine or ordinary, they admit that this scenario could be foreseeable. We find that the occurrence of a broken bat entering the stands does not have to be routine or ordinary, but only foreseeable, for a spectator to appreciate the risk. In considering the risks that spectators assume, it is generally determined that the precise risk need not be foreseen. See,Gum, supra.
 {¶ 35} We find that the trial court applied the correct legal standard in granting the Baseball Defendants' motion for summary judgment. Looking at all the evidence in the light most favorable to the nonmoving party, we find that no genuine issues of material fact exist and that the Baseball Defendants were entitled to judgment as a matter of law.
 {¶ 36} Accordingly, the first and second assignments of error are overruled.
 {¶ 37} Modernization of Legal Standards for Spectator Sports {¶ 38} In their third assignment of error, the Reeses argue that the legal standards in the area of unprotected spectator injury should be "modernized and harmonized in light of modern-day technology and equipment." We disagree.
 {¶ 39} The Ohio Supreme Court has recently applied the doctrine of primary assumption of the risk as it pertains to sports and recreational activities. In Gentry v. Craycraft,101 Ohio St.3d 141, 145, 2004-Ohio-379, the Court concluded, in adhering to its previous applications, "that the plaintiff had assumed the risk by voluntarily participating in the activity or sport and focused on the conduct of the defendant to determine whether he or she had been reckless or had acted intentionally." The Court apparently did not bar claims for all injuries sustained at sports and recreational activities, but only those instances where the plaintiff voluntarily participated and the defendant acted neither recklessly nor intentionally. Therefore, we decline to circumvent the well established holdings of the Ohio Supreme Court.
 {¶ 40} Accordingly, the third assignment of error is overruled.
 Denial of Discovery {¶ 41} In their fourth assignment of error, the Reeses argue that the trial court prejudicially denied them discovery materials — incident reports regarding injuries sustained when baseballs entered the stands.
 {¶ 42} It is well settled that the trial court enjoys considerable discretion in the regulation of discovery. Manofskyv. Goodyear Tire Rubber Co. (1990), 69 Ohio App.3d 663, 668,591 N.E.2d 752.
 {¶ 43} We review a trial court's ruling on discovery pursuant to an abuse of discretion standard. Lightbody v. Rust (2000),137 Ohio App.3d 658, 739 N.E.2d 840. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 44} The Reeses contend that the trial court allowed the Baseball Defendants to rely upon cases that involved injuries sustained when baseballs entered the stands, but denied them access to baseball injury reports to determine the true "zone of danger" in the stands. We find that the Reeses have failed to support their argument as required by App.R. 16(A)(7).
 {¶ 45} Nevertheless, we find that the trial court did not abuse its discretion in denying this information because this case involved a broken bat, not a baseball. To determine whether the Baseball Defendants had a duty to warn or duty to provide additional protective screening, only instances of substantially similar incidents were relevant. See, Renfro v. Black (1990),52 Ohio St.3d 27, 556 N.E.2d 150 (evidence of prior accidents is only admissible for the purpose of supporting the element of knowledge if "the proponent of the evidence shows that the accidents occurred under circumstances substantially similar to those at issue in the case at bar.")
 {¶ 46} Therefore, we find that the trial court did not abuse its discretion. The fourth assignment of error is overruled.[3]
Judgment affirmed.
It is ordered that appellees recover of appellants the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J. and Dyke, J. Concur.
[1] This was the second filing of this case after a prior voluntary dismissal by the Reeses. The claims against Rawlings and the New York Yankees Partnership have been abandoned by the Reeses.
[2] While we recognize that the Michigan court was applying the "limited duty rule," we find its analysis persuasive.
[3] The Reeses have not raised any argument that the trial court improperly granted summary judgment on their Ohio Consumer Protection Law claim. Therefore, they have abandoned that claim. Furthermore, having determined that primary assumption of the risk bars Donna Rees' claim for bodily injury, Ronald Rees' claim for loss of consortium is also barred. See Bowen v. Kil-Kare,Inc. (1992), 63 Ohio St.3d 84, 585 N.E.2d 384.