[Cite as *A.W. v. Kircher*, 2024-Ohio-2115.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |
|---|---|---|
| A.W., | : | CASE NO. CA2023-11-108 |
| Appellant, | : | |
| | : | O P I N I O N<br>6/3/2024 |
| - vs - | : | |
| | : | |
| KONRAD KIRCHER, et al., | : | |
| Appellees. | : | |

CIVIL APPEAL FROM LEBANON MUNICIPAL COURT
Case No. CVF-2200052

A.W., pro se.

Kircher Law, LLC, and Konrad Kircher, for appellee, Konrad Kircher.

Rittgers, Rittgers & Nakajima, and Charles M. Rittgers, for appellee, Charles M. Rittgers.

Perkinson Legal, and Ryan J. McGraw, for appellee, Ryan J. McGraw.


**M. POWELL, J.**

{¶ 1} Appellant, A.W., appeals a decision of the Lebanon Municipal Court dismissing her defamation claim against appellees, attorneys Konrad Kircher, Ryan McGraw, and Charles Rittgers, and granting summary judgment in favor of Kircher on her

R.C. 2307.60 claim.[1]

{¶ 2} Appellant was sued for defamation by Reproductive Gynecology, Inc. ("RGI") in the Franklin County Court of Common Pleas (the "Franklin County Court"). RGI's defamation claim was based upon negative posts made by appellant on RGI's social media pages. Appellant hired Kircher to defend the RGI lawsuit against her. At the time, Kircher was a partner at the Rittgers & Rittgers law firm (the "law firm"). During his representation of appellant, Kircher suspected that she had not been honest with him concerning RGI's claim against her. Kircher confronted appellant with his concerns and then withdrew from representing her in the RGI litigation. Thereafter, using the name "A," appellant posted negative reviews of Kircher on his AVVO page and/or the law firm's social media pages.

{¶ 3} On February 2, 2022, appellant, acting pro se, filed a complaint against Kircher, alleging legal malpractice and false light. The complaint was based upon Kircher's published responses to appellant's negative review posted on Kircher's AVVO page in February 2021. Appellant remained pro se throughout the litigation. On February 28, 2022, Kircher answered appellant's complaint and filed several counterclaims. Attached to his answer was a November 3, 2021 decision from the Franklin County Court that addressed appellant's violation of a previous order prohibiting her from posting reviews about RGI on social media. Specifically, the court found that appellant had authored and caused violative posts to remain posted in public view in violation of the order, and that she had also posted new violative posts. Consequently, the Franklin County Court found appellant in civil contempt of its order. The court permitted appellant

---

1. This appeal involves two separate cases filed in the municipal court by appellant, Case No. 2200254 and Case No. 2200052. The cases were consolidated by the municipal court in September 2022. For purposes of readability, this court will treat the two cases in this opinion's statements of facts and procedural history as if they were one. The parties filed numerous pleadings throughout the litigation. This opinion only references the pleadings and claims that are relevant to this appeal.

"to purge the $250 fine associated with this finding of civil contempt by filing a [sworn] affidavit verifying to this Court * * * that all violative posts, new violative posts and any other posts in violation of the Order have been removed."  The Franklin County Court decision made no finding whether appellant's posts about RGI were "fake."

{¶ 4}  On March 14, 2022, in response to appellant's negative review of Kircher on social media, the law firm posted on Google that

> This person was found in contempt of court in Franklin County, Common Pleas Court, Case No. 21 CV 2008, for continuing to post fake reviews against someone nonrelated to this firm and Konrad [Kircher].  It is public record.  Given her dishonesty, Konrad terminated his relationship [sic] result she is now posting fake reviews against him here.

{¶ 5}  On June 3, 2022, appellant filed a separate complaint against Kircher and the law firm.  Appellant later dismissed the law firm as a defendant and named Rittgers and McGraw, two attorneys employed by the law firm, as defendants.

{¶ 6}  On October 3, 2022, appellant filed an amended complaint against Kircher, Rittgers, and McGraw, alleging defamation and civil conspiracy against all three attorneys based upon the March 14, 2022 Google post, and an R.C. 2307.60 claim against Kircher based upon emails Kircher sent appellant in June and September 2022.

{¶ 7}  Appellant's defamation claim alleged that (1) the March 14, 2022 Google post falsely stated she had been found in contempt for "continuing to post fake reviews" when, in fact, the Franklin County Court's November 3, 2021 decision never stated her posts about RGI were "fake"; (2) Kircher testified in a deposition in May 2022 that McGraw and Rittgers drafted and posted the Google post and that he approved the post; and (3) Kircher admitted in the deposition that the Franklin County Court decision never stated that appellant's reviews of RGI were fake.

{¶ 8}  Appellant's R.C. 2307.60 claim alleged that Kircher damaged her by

- 3 -

committing a criminal act, namely telecommunications harassment under R.C. 2917.21. Appellant alleged that Kircher sent the emails after she "merely served Kircher with legal filings," described how the emails were harassing in nature, and alleged that she suffered economic damages (counseling fees) and "noneconomic damages such as mental anguish, mental distress, loss of ability to enjoy life, etc." as a result of the March 14, 2022 Google post and Kircher's harassing emails. Attached to appellant's amended complaint were the emails Kircher sent her in June and September 2022. The emails were as follows.

{¶ 9} On June 14, 2022, Kircher emailed appellant, stating: "When the INS learns that you have court orders against you in two different counties for violating American laws and refusing to abide by orders of American courts, I doubt you will ever be able to come back. It has nothing to do with trial, it has everything to do with protecting my fellow citizens from your illegal conduct." Appellant replied,

> Where are the court orders against me in two different counties? You are lying and faking the information again. What is worse is that you even fabricate nonexistent court orders this time! It is highly unethical that you fake nonexistent court orders! Your misconducts are illegal. You are again exposing yourself as fraud through your emails.
>
> Btw, just a few weeks ago, I became engaged to an American citizen and can apply for American citizenship if I want. Even if I don't apply for American citizenship through marriage, I can still apply for it through my doctoral degree and scientific works if I wish to do so. You're welcomed to report me to any immigration authority with your fraudulent allegations and expose yourself as a fraud. My immigration status will not be affected by your false report at all.

{¶ 10} In the early morning hours of June 15, 2022, Kircher emailed appellant,

> The Franklin County finding that you are in contempt is the first order. The forthcoming order from Lebanon Municipal Court, which you will certainly violate, will be the second order. They will follow you everywhere and are permanently on the internet, unlike your fraudulent posts.

> If your life is so good, why do you seem so miserable?  You keep engaging in hopeless efforts to harm Craig Park [an employee of RGI], RGI and me when you could be channeling that energy to improving your future.  I doubt your fiancé knows all the horrible things you have done and keep doing.

{¶ 11} Later that morning, Kircher emailed appellant, "You are really nuts.  Fortunately, you have to prove your nonsense in court.  I'll deal with you there rather than with your irrational ramblings."  On September 26, 2022, Kircher emailed appellant, "We will talk later.  I realize I may not be hearing from you for awhile as you may be in alternative housing without access to the internet."

{¶ 12} On October 14, 2022, Kircher moved for summary judgment.  Kircher did not attach an affidavit or evidentiary materials to his motion.  Regarding appellant's R.C. 2307.60 claim, Kircher generally argued that given the context of this case, which involved multiple filings by the parties and at one point, appellant falsely accusing Kircher of past domestic violence, tax fraud, and tax evasion, no reasonable jury could find, beyond a reasonable doubt, that Kircher committed telecommunications harassment.  Kircher further argued that (1) he has never been convicted of a crime and appellant never reported the alleged telecommunications harassment, (2) appellant did not specify which elements of R.C. 2917.21 Kircher allegedly committed, (3) appellant was an equal participant in the alleged harassment in light of her accusations that Kircher was "lying," "faking," and committing "highly unethical actions," and (4) the "selectively edited emails" attached to appellant's amended complaint plainly related to judicial proceedings and therefore, appellant's claim was barred by the litigation privilege.

{¶ 13} In her memorandum in opposition to the summary judgment motion, appellant argued that (1) R.C. 2307.60 does not require an underlying criminal conviction and cited *Buddenberg v. Weisdack*, 161 Ohio St.3d 160, 2020-Ohio-3832, in support; (2)

- 5 -

she was not required to specify which elements Kircher committed in violation of R.C. 2917.21 because Ohio is a notice-pleading state; and (3) Kircher's harassing emails have caused her mental distress, were sent to her via private email, and were not made during judicial proceedings; appellant cited *Reister v. Gardner*, 164 Ohio St.3d 546, 2020-Ohio-5484, in support.

{¶ 14} On October 26, 2022, McGraw and Rittgers separately moved to dismiss appellant's amended complaint pursuant to Civ.R. 12(B)(6). Both attorneys argued that appellant failed to state a defamation claim because the March 14, 2022 Google post was a response to a poster simply identified as "A" and did not identify appellant by name or other identifying characteristics. Appellant filed a memorandum opposing the Civ.R. 12(B)(6) motions to dismiss. On February 9, 2023, the magistrate granted summary judgment to Kircher regarding appellant's R.C. 2307.60 claim. The magistrate also granted McGraw's and Rittgers' Civ.R. 12(B)(6) motions to dismiss appellant's defamation claims. Appellant filed objections to the magistrate's February 9, 2023 decision.

{¶ 15} On February 21, 2023, Kircher moved to dismiss appellant's defamation claim pursuant to Civ.R. 12(B)(6). The magistrate granted Kircher's Civ.R. 12(B)(6) motion to dismiss on April 23, 2023. Appellant filed objections to the magistrate's decision.

{¶ 16} On September 5, 2023, the municipal court overruled both sets of objections and adopted the magistrate's February 9, 2023 and April 28, 2023 decisions. Upon "conduct[ing] an independent review," the municipal court found "that the Magistrate properly determined factual issues and further appropriately applied the law."

{¶ 17} Appellant now appeals, pro se, raising three assignments of error. The first and second assignments of error will be addressed together.

{¶ 18} Assignment of Error No. 1:

- 6 -

{¶ 19} THE TRIAL COURT ERRED BY GRANTING APPELLEES RITTGERS AND MCGRAW'S MOTION TO DISMISS APPELLANT'S DEFAMATION CLAIM.

{¶ 20} Assignment of Error No. 2:

{¶ 21} THE TRIAL COURT ERRED BY GRANTING APPELLEE KIRCHER'S MOTION TO DISMISS APPELLANT'S DEFAMATION CLAIM.

{¶ 22} Appellant challenges the municipal court's Civ.R. 12(B)(6) dismissal of her defamation claims against Kircher, McGraw, and Rittgers. The defamation claims were based upon the March 14, 2022 Google post. Appellant argues that the municipal court erred by failing to accept all allegations in her amended complaint as true as required under Civ.R. 12(B)(6).

{¶ 23} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint. *Buckner v. Bank of New York*, 12th Dist. Clermont No. CA2013-07-053, 2014-Ohio-568, ¶ 13, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 1992-Ohio-73. "A motion made pursuant to Civ.R. 12(B)(6) only determines whether the pleader's allegations set forth an actionable claim." *Ward v. Graue*, 12th Dist. Clermont No. CA2011-04-032, 2012-Ohio-760, ¶ 9. "[W]hen a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." *Byrd v. Faber*, 57 Ohio St.3d 56, 60 (1991). For a complaint to be dismissed under Civ.R. 12(B)(6) for failure to state a claim, it must appear beyond a reasonable doubt from the complaint that the plaintiff can prove no set of facts entitling him or her to recovery. *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14.

{¶ 24} The trial court may look only to the complaint to determine whether the allegations are legally sufficient to state a claim. *Ward* at ¶ 10. "A court may not use the

- 7 -

motion to summarily review the merits of the cause of action." *Home Builders Assn. of Dayton & Miami Valley v. Lebanon*, 12th Dist. Warren No. CA2003-12-115, 2004-Ohio-4526, ¶ 8. "'[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss.'" *Conaway v. Mt. Orab*, 12th Dist. Brown No. CA2021-04-005, 2021-Ohio-4041, ¶ 13, quoting *York v. Ohio State Highway Patrol*, 60 Ohio St.3d 143, 145 (1991). An appellate court reviews a trial court's decision to grant a Civ.R. 12(B)(6) motion to dismiss de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5.

**{¶ 25}** Appellant's amended complaint alleged that Kircher, McGraw, and Rittgers published the March 14, 2022 Google post, that the post falsely stated she had been found in contempt by the Franklin County Court for "continuing to post fake reviews" when "'nowhere' in the judgment from Franklin County ever stated that [her] post was 'fake'," and that as a result of the Google post, appellant suffered economic damages such as counseling fees.

**{¶ 26}** The municipal court granted McGraw's and Rittgers' Civ.R. 12(B)(6) motions to dismiss appellant's defamation claims as follows:

> In presuming all facts contained in [appellant's] claim for defamation are true, and making all reasonable inferences in favor of [appellant], this Court cannot see how [she] can prove any set of facts warranting recovery for defamation against McGraw and Rittgers. Even if McGraw and Rittgers made the post, as a matter of law the post does [not] rise to the level of defamation.
>
> First, the first sentence is true, as [appellant] was found in contempt by the Franklin County Common Pleas Court. Second, the second sentence contains the true statement that Kircher terminated the representation, and also contains an opinion that Kircher believes the poster's comments are fake. If the statements in the post are true or consist of McGraw or Rittgers' opinions, then claims for defamation cannot stand. The only statement that may be false is the last line regarding fake reviews. However, this Court cannot see how this line

could cause [appellant] any damages under the theory of defamation per se or per quod.

**{¶ 27}** The municipal court granted Kircher's Civ.R. 12(B)(6) motion to dismiss appellant's defamation claim as follows:

The Google post does not rise to the level of defamation. First, the first sentence is true, as [appellant] was found in contempt by the Franklin County Common Pleas Court. Second, the second sentence contains the true statement that Kircher terminated the representation, and also contains an opinion that Kircher believes the poster's comments are fake. Further, this Court does not agree that the three-sentence response has proximately caused [appellant] any damages despite her pleading such damages. Even presuming all factual allegations of [appellant's] complaint as true and all reasonable inferences in favor of [appellant], this Court cannot find any set of facts whereby [appellant] can sustain a claim against Kircher for defamation.

**{¶ 28}** We find that the municipal court failed to properly construe all allegations in appellant's amended complaint as true when it granted Kircher's, McGraw's, and Rittgers' Civ.R. 12(B)(6) motions to dismiss appellant's defamation claims. The municipal court failed to confine its consideration of the adequacy of appellant's claims to her complaint. Rather, the court improperly found that certain aspects of the March 14, 2022 Google post were true (i.e., that appellant had been found in contempt in Franklin County and that Kircher had terminated his representation of appellant), even though the truth of those statements may not be discerned by reference to appellant's complaint.

**{¶ 29}** The municipal court also failed to presume that all factual allegations of appellant's complaint were true and make all reasonable inferences in appellant's favor. The municipal court rejected appellant's claim of special damages (i.e., mental anguish, emotional and mental distress, counselling fees, etc.) because it "does not agree that the three-sentence response has proximately caused [appellant] any damages despite her pleading such damages." The municipal court also found that the portion of the March

14, 2022 Google post concerning appellant "continuing to make 'fake' posts" was non-actionable "opinion."

{¶ 30} The trial court also completely failed to consider the gist of appellant's defamation claim that the statement in the March 14, 2022 Google post that she was found in contempt for posting "fake" reviews was false as the Franklin County Court had not found that the reviews posted by appellant were "fake." In fact, instead of construing all allegations in the amended complaint as true, the municipal court simply repeated the attorneys' partial assertion that appellant had been found in contempt by the Franklin County Court.

{¶ 31} In light of the foregoing, the municipal court erred in dismissing appellant's defamation claims against Kircher, McGraw, and Rittgers pursuant to Civ.R. 12(B)(6). The municipal court's September 5, 2023 judgment entry granting the Civ.R. 12(B)(6) motions to dismiss of Kircher, McGraw, and Rittgers is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

{¶ 32} Appellant's first and second assignments of error are sustained.

{¶ 33} Assignment of Error No. 3:

{¶ 34} THE TRIAL COURT ERRED BY GRANTING APPELLEE KIRCHER'S MOTION FOR SUMMARY JUDGMENT ON APPELLANT'S OHIO R.C. 2307.60 CLAIM.

{¶ 35} Appellant argues that the municipal court erred by granting summary judgment to Kircher on her R.C. 2307.60 claim which was based upon emails Kircher sent her in June and September 2022. Appellant asserts there is a genuine issue of material fact whether these emails were telecommunications harassment because (1) Kircher's motion for summary judgment did not state what Kircher's purpose was in sending the emails, (2) rather, Kircher simply argued that appellant was unable to prove he committed telecommunications harassment, and (3) the municipal court improperly opined that the

emails did not harass, abuse, or intimidate appellant.

**{¶ 36}** An appellate court reviews a trial court's decision on a motion for summary judgment de novo, independently, and without deference to the decision of the trial court. *Murray v. Dunn*, 12th Dist. Warren No. CA2023-10-084, 2024-Ohio-1639, ¶ 15.

**{¶ 37}** The principal purpose of summary judgment is to allow a trial court to move beyond the pleadings and analyze the evidence to determine if a need for a trial exists. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978). Under Civ.R. 56(C), summary judgment is proper when (1) there are no genuine issues of material fact to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) when all evidence is construed most strongly in favor of the nonmoving party, reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389.

**{¶ 38}** The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 1996-Ohio-107. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. *Id.* Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. *Id.* The evidentiary materials listed in Civ.R. 56(C) consist of "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any." "These evidentiary materials must show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as

a matter of law." *Id.* at 293.

**{¶ 39}** If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. *Id.* However, if the moving party satisfies its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. *Id.*

**{¶ 40}** Appellant's amended complaint alleged that Kircher was liable for civil damages under R.C. 2307.60 for harming her by committing a criminal act, namely for telecommunications harassment in violation of R.C. 2917.21. The complaint (1) alleged that after appellant "merely served Kircher with legal filings," Kircher sent her several harassing and threatening emails in June and September 2022, (2) described how the emails were harassing in nature (by faking nonexistent court orders such as an injunction from the Lebanon Municipal Court when municipal courts lack authority to issue injunctions; by maliciously attacking appellant's Taiwanese nationality and her American fiancé; by stating appellant would soon be in an alternative house with no internet when such has never happened), and (3) claimed that as a result of these emails, appellant suffered economic damages (counseling fees) and "noneconomic damages such as mental anguish, mental distress, loss of ability to enjoy life, etc."

**{¶ 41}** The municipal court granted summary judgment to Kircher on appellant's R.C. 2307.60 claim as follows:

> Kircher's emails to [appellant] contain statements regarding [her] conduct in violating court orders, her mental status, and her future housing. While Kircher's comments may have been rude to [appellant], this Court does not find that Kircher's comments rose to the level of a criminal violation of [R.C.] 2917.21. The statements do not contain any threats that harass, intimidate, or abuse [appellant]. Furthermore,

- 12 -

[appellant] refutes several of Kircher's comments in a response email and invites further Kircher responses. There are no genuine issues of material fact and this Court finds that Kircher is entitled to judgment as a matter of law.

**{¶ 42}** R.C. 2307.60(A)(1) provides that

Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law, may recover the costs of maintaining the civil action and attorney's fees if authorized by any provision of the Rules of Civil Procedure or another section of the Revised Code or under the common law of this state, and may recover punitive or exemplary damages if authorized by section 2315.21 or another section of the Revised Code.

**{¶ 43}** The statute "independently authorizes a civil action for damages caused by criminal acts." *Jacobson v. Kaforey*, 149 Ohio St.3d 398, 2016-Ohio-8434, ¶ 6. It does not require proof of an underlying criminal conviction. *Buddenberg*, 2020-Ohio-3832 at ¶ 6.

**{¶ 44}** The municipal court reviewed appellant's telecommunications harassment allegation under R.C. 2917.21(A)(1), which provides, "No person shall knowingly make or cause to be made a telecommunication * * * to another, if the caller [m]akes the telecommunication with purpose to harass, intimidate, or abuse any person at the premises to which the telecommunication is made, whether or not actual communication takes place between the caller and a recipient." R.C. 2917.21(B)(1) provides that "[n]o person shall make or cause to be made a telecommunication, or permit a telecommunication to be made from a telecommunications device under the person's control, with purpose to abuse, threaten, or harass another person."

**{¶ 45}** Facts and circumstances surrounding the communication may establish a defendant's purpose or intent to threaten, harass, or abuse. *In re C.W.*, 1st Dist. Hamilton Nos. C-180677 and C-180690, 2019-Ohio-5262, ¶ 14. R.C. 2917.21 does not define

"abuse," "threaten," or "harass." However, the First District Court of Appeals has defined "harassment" as "[w]ords, conduct, or action ([usually] repeated or persistent) that, being directed at a specific person, annoys, alarms, or causes substantial emotional distress in the person and serves no legitimate purpose"; "threaten" as "an expression of an intention to inflict evil, injury, or damage on another usu[ally] as retribution or punishment for something done or left undone"; and "abuse" as "cruel or violent treatment of someone; [specifically] physical or mental maltreatment, often resulting in mental, emotional, sexual, or physical injury." (Citations deleted.) *Id.* at ¶ 16.

{¶ 46} We find that the municipal court erred in granting summary judgment to Kircher on appellant's R.C. 2307.60 claim. Appellant's amended complaint alleged that Kircher initiated harassing and threatening emails in response to appellant serving Kircher with legal filings and attached said emails to her complaint. The language and tone of Kircher's emails to appellant are consistent with this allegation. As the party moving for summary judgment, Kircher was required to specifically point to "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any" which affirmatively demonstrate that there is no genuine issue as to any material fact, and that he was entitled to judgment as a matter of law. *Dresher*, 75 Ohio St.3d at 293. However, Kircher did not attach an affidavit or any evidentiary materials to his motion for summary judgment. Kircher's motion for summary judgment refers to "the selectively edited emails attached to the Amended Complaint," thereby suggesting there were more telecommunications that were not submitted by appellant. However, Kircher did not attach these unedited portions of the emails to his motion for summary judgment. Kircher's motion for summary judgment also generally argued that given the context of this case, no reasonable jury could conclude that he committed telecommunications harassment. However, the moving party cannot

- 14 -

discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. *Id.* Because Kircher failed to produce any Civ.R. 56(C) evidence regarding the lack of a genuine issue of material fact, we find that he failed to meet his initial burden under Civ.R. 56. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. *Id.*

{¶ 47} Appellant's third assignment of error is sustained.

{¶ 48} Judgment reversed and remanded for further proceedings.

S. POWELL, P.J., and HENDRICKSON, J., concur.