[Cite as *Donahue-Jones v. Roberts*, 2025-Ohio-2726.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

|  |  |  |
|---|---|---|
| ASHLEY DONAHUE-JONES, PROPOSED ADMINISTRATOR OF THE ESTATE OF KIMBERLY STOUT, DECEASED, | : | |
| | : | CASE NO. CA2025-03-010 |
| Appellant, | : | OPINION AND JUDGMENT ENTRY 8/4/2025 |
| | : | |
| - vs - | : | |
| | : | |
| SHERYL ROBERTS, et al., | : | |
| Appellees. | : | |
| | : | |

CIVIL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CV 20240209

Schiff & Associates Co., LPA, and Terry V. Hummell, for appellant.

Kohl & Cook Law Firm, LLC, and Sean P. Casey and Timothy J. Cook, for appellees.

# **O P I N I O N**

**PIPER, J.**

{¶ 1} Appellant, Ashley Donahue-Jones, Proposed Administrator of the Estate of

Kimberly Stout ("Donahue-Jones"), appeals the decision of the Madison County Court of

Common Pleas granting the Civ.R. 12(B)(6) motion to dismiss filed by appellees, Sheryl Roberts and Mark Roberts (hereinafter, the "Robertses").[1] For the reasons outlined below, affirm the trial court's decision.

**Facts and Procedural History**

{¶ 2} On October 25, 2022, Donahue-Jones' daughter, Kimberly Stout, went to the Robertses' home located in West Jefferson, Madison County, Ohio. Once there, the Robertses allowed Stout to drive their all-terrain vehicle ("ATV"). While driving the ATV, Stout made her way off the Robertses' property and onto a public roadway, King Pike Road. Upon entering onto King Pike Road, Stout lost control of the ATV, veered off the road, and crashed into a utility pole. The accident resulted in Stout's death. Stout was 16 years old at the time of her passing.

{¶ 3} On October 23, 2024, Donahue-Jones filed a complaint against the Robertses. Within her complaint, Donahue-Jones alleged two causes of action; one a survivorship action and the other a wrongful death action, both of which were based on a negligence theory of liability. To support this theory, Donahue-Jones alleged the Robertses had acted negligently, intentionally, knowingly, willfully, wantonly, recklessly, and unlawfully by, among other things, entrusting and failing to supervise, warn, or manage Stout knowing that she was neither competent nor experienced enough to drive the ATV on the day of the accident.

{¶ 4} On November 25, 2024, the Robertses moved the trial court to dismiss Donahue-Jones' complaint. The Robertses' motion was filed pursuant to Civ.R. 12(B)(6), which authorizes a trial court to dismiss a complaint for failing to state a claim upon which

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar for purposes of issuing this opinion.

relief could be granted. To support their motion, the Robertses argued that Donahue-Jones's theory of liability was, as a matter of law, barred by the primary assumption of risk doctrine. The trial court agreed and, on February 25, 2025, granted the Robertses' motion to dismiss. In so holding, the trial court determined that "[t]he doctrine of primary assumption of risk applies, and thus the duty element of negligence is not established as a matter of law." The trial court reached this decision upon finding the Robertses were merely the owners of the ATV and "were not participants in the recreational or sport[ing] activity; they were not driving nor riding the ATVs in question," thereby allowing the Robertses to fall outside of the exception to the primary assumption of risk doctrine for reckless and intentional conduct.

**Donahue-Jones' Appeal and Single Assignment of Error for Review**

{¶ 5}  On March 27, 2025, Donahue-Jones filed a notice of appeal. Following briefing, on July 3, 2025, Donahue-Jones' appeal was submitted to this court for consideration. Donahue-Jones' appeal now properly before this court for decision, Donahue-Jones has raised one assignment of error for review. In her single assignment of error, Donahue-Jones argues the trial court erred by granting the Civ.R. 12(B)(6) motion to dismiss filed by the Robertses in this case. To support this contention, Donahue-Jones argues that (1) the primary assumption of the risk doctrine does not bar her from asserting the Robertses owed a duty to Stout, and that, (2) an exception to the primary assumption of risk doctrine applies because she alleged in her complaint that the Robertses had acted, at the very least, recklessly in causing Stout's injuries and subsequent death. We find no merit to either of Donahue-Jones' claims.

**Civ.R. 12(B)(6) Motion to Dismiss**

{¶ 6} "A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of a complaint." *Pitzer v. Wilmington*, 2024-Ohio-5141, ¶ 9 (12th Dist.). The rule does this by authorizing the trial court to dismiss a complaint if it "fails to state a claim upon which relief can be granted." *Rossi v. Atrium Med. Ctr.*, 2023-Ohio-984, ¶ 8 (12th Dist.). Thus, "[a] motion made pursuant to Civ.R. 12(B)(6) only determines whether the pleader's allegations set forth an actionable claim." *Ward v. Graue*, 2012-Ohio-760, ¶ 9 (12th Dist.). This necessarily means that the trial court may not use a Civ.R. 12(B)(6) motion to dismiss "to summarily review the merits of the cause of action." *Home Builders Assn. of Dayton & Miami Valley v. Lebanon*, 2004-Ohio-4526, ¶ 8 (12th Dist.). Rather, "[t]he trial court may look only to the complaint to determine whether the allegations are legally sufficient to state a claim." *A.W. v. Kircher*, 2024-Ohio-2115, ¶ 24 (12th Dist.). When making this inquiry, "'all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party.'" *Simpson v. Moreland*, 2024-Ohio-1728, ¶ 6 (12th Dist.), quoting *Byrd v. Faber*, 57 Ohio St.3d 56, 60 (1991). Therefore, for a trial court to dismiss a complaint under Civ.R. 12(B)(6), it must appear beyond a reasonable doubt from the complaint that the plaintiff can prove no set of facts that would entitle the plaintiff to recovery. *Gordon v. Mt. Carmel Farms, LLC*, 2021-Ohio-1233, ¶ 18 (12th Dist.).

**De Novo Standard of Review**

{¶ 7} An appeal of a trial court's decision on a Civ.R. 12(B)(6) motion presents a question of law. *Amburgey v. Ohio Adult Parole Auth.*, 2001-Ohio-8695, 2001 Ohio App. LEXIS 4730, *4 (12th Dist. Oct. 22, 2001). Because it presents a question of law, we

review de novo a trial court's decision to either grant or deny a Civ.R. 12(B)(6) motion to dismiss. *Ditech Fin. LLC v. Ebbing*, 2019-Ohio-2077, ¶ 22 (12th Dist.). Application of the primary assumption of risk doctrine is also a question of law that this court reviews de novo. *Cameron v. Univ. of Toledo*, 2018-Ohio-979, ¶ 46 (10th Dist.) "Under this standard, we examine the legal questions with fresh eyes, giving no deference to the trial court's conclusions." *Smith v. Mercy Health-Clermont Hosp., LLC*, 2025-Ohio-1590, ¶ 13 (12th Dist.).

**Analysis**

{¶ 8}   "Ohio is a notice-pleading state." *Maternal Grandmother v. Hamilton Cty. Dept. of Job & Family Servs.*, 2021-Ohio-4096, ¶ 10. "This means that outside of a few specific circumstances, such as claims involving fraud or mistake, *see* Civ.R. 9(B), a party will not be expected to plead a claim with particularity." *Doe v. Greenville City Schools*, 2022-Ohio-4618, ¶ 7. "Rather, 'a short and plain statement of the claim,' Civ.R. 8(A), will typically do." *Id.* However, "even under Ohio's notice-pleading standard, a cause of action must be factually supported and courts need not accept bare assertions of legal conclusions." *Enduring Wellness, LLC v. Roizen*, 2020-Ohio-3180, ¶ 24 (8th Dist.). This is because, as is now well established, "unsupported legal conclusions, even when cast as factual assertions, are not presumed true for purposes of a motion to dismiss" for failing to state a claim upon which relief could be granted under Civ.R. 12(B)(6). *State ex rel. Roush v. Hickson*, 2024-Ohio-4741, ¶ 8. Therefore, a complaint that offers nothing more than labels and conclusions or formulaic recitations of the elements of a cause of action will not do, nor does a complaint suffice if it tenders merely naked assertions devoid of further factual enhancement. *Sultaana v. Horseshoe Casino*, 2015-Ohio-4083, ¶ 12 (8th

Dist.).

{¶ 9} As noted above, Donahue-Jones' complaint alleged two causes of action against the Robertses; one a survivorship action and the other a wrongful death action, both of which were based on a negligence theory of liability. "To establish a negligence claim, the plaintiff must demonstrate (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached the duty of care, and (3) as a direct and proximate result of the defendant's breach, the plaintiff was injured." *Oliphant v. AWP, Inc.*, 2020-Ohio-229, ¶ 32 (12th Dist.). However, under the primary assumption of the risk doctrine, an individual who engages in a recreational activity, such as riding an ATV, "assumes the ordinary risks of that activity and cannot recover for injuries unless the defendant's actions were either reckless or intentional." *Young v. Eagle*, 2017-Ohio-7211, ¶ 18 (12th Dist.). "'Reckless conduct is characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct.'" *Baldwin v. Church of God of Trenton*, 2024-Ohio-1726, ¶ 38 (12th Dist.), quoting *Anderson v. Massillon*, 2012-Ohio-5711, ¶ 34. "The rationale is that certain risks are so inherent in some activities that the risk of injury is unavoidable." *Crace v. Kent State Univ.*, 2009-Ohio-6898, ¶ 13 (10th Dist.)

{¶ 10} "Losing control and flipping an ATV is a foreseeable and customary risk associated with the activity of driving or riding on an ATV." *Curtis v. Schmid*, 2008-Ohio-5239, ¶ 56 (5th Dist.); *see also Ochall v. McNamer*, 2016-Ohio-8493, ¶ 50 (10th Dist.) ("the risk that a go-kart may veer off the track and strike any object present nearby is a risk inherent to go-karting"). "Primary assumption of the risk is essentially a principle of no duty, or no negligence." *West v. Devendra*, 2012-Ohio-6092, ¶ 14 (7th Dist.).

Therefore, because "[p]rimary assumption of the risk means that a defendant owes no duty whatsoever to the plaintiff," *Horvath v. Ish*, 2012-Ohio-5333, ¶ 18, "a successful primary assumption of risk defense means that the duty element of negligence is not established as a matter of law," thus preventing the plaintiff "from even making a prima facie case." *Gallagher v. Cleveland Browns Football Co.*, 1996-Ohio-320, ¶ 15.

{¶ 11} Given these principles, for Donahue-Jones to overcome the Robertses' motion to dismiss in this case, Donahue-Jones needed to allege sufficient facts in her complaint that if taken as true, and with all reasonable inferences drawn in her favor, would allow for recovery against the Robertses. What is more, because a successful primary assumption of the risk defense prevents the plaintiff from making even a prima facie case, such factual allegations made by Donahue-Jones would need to demonstrate that the Robertses had acted, at the very least, recklessly in causing Stout's injuries and subsequent death. But, upon a review of Donahue-Jones' complaint, Donahue-Jones alleged no facts that would support such a contention. This is because, rather than factual allegations, Donahue-Jones' complaint consists of unsupported legal conclusions.

{¶ 12} This includes, for example, Donahue-Jones' making the blanket conclusion that the Robertses had acted recklessly by entrusting their ATV to Stout knowing that she was neither competent nor experienced enough to drive the ATV on the day of the accident. *See Luke v. Short Creek Joint Fire District*, 2025-Ohio-203, ¶ 103 (7th Dist.) ("[p]rimary assumption of the risk applies even when the participant is 'entirely ignorant' of the activity's risk"). This also includes Donahue-Jones conclusively alleging that the Robertses had acted recklessly by failing to supervise Stout while she was driving their ATV prior to when Stout lost control of the ATV and collided into a utility pole. Allegations

of this sort, which are nothing more than mere legal conclusions, are insufficient to overcome a Civ.R. 12(B)(6) motion to dismiss for failing to state a claim upon which relief could be granted. See *Harper v. Weltman, Weinberg & Reis Co., L.P.A.*, 2019-Ohio-3093, ¶ 33 (8th Dist.) ("[L]egal conclusions are not considered admitted and are not sufficient to withstand a motion to dismiss."). This is because, as noted above, "unsupported legal conclusions are not entitled to any presumption of truth and are not sufficient to survive a motion to dismiss" filed pursuant to Civ.R. 12(B)(6). *Maternal Grandmother*, 2021-Ohio-4096 at ¶ 29 (DeWine, J., concurring in judgment only).

{¶ 13} That Stout was just 16 years old at the time of her passing is immaterial for it is well established that "the age or maturity of an injured party is immaterial for purposes of the primary assumption of risk doctrine." *Young*, 2017-Ohio-7211 at ¶ 25 (trial court did not err by concluding that a four-year-old was barred from recovering against the defendants based on the primary assumption of risk doctrine). That Stout was not wearing a helmet at the time of the accident does not alter this outcome. This is because, as is equally well established, the risk of serious physical harm and/or death are foreseeable, common, and customary risks of operating an ATV without a helmet. *See Stehlik v. Rhoads*, 2002 WI 73, ¶ 28 (noting that "the risks associated with ATVs are well-known" and that "an ordinarily prudent person knows or reasonably should know that wearing a safety helmet while operating or riding an ATV protects against serious head injury").

{¶ 14} In sum, when reviewing Donahue-Jones' complaint, there are no allegations here of an unassumed risk. Stout's injuries and subsequent death, while tragic, is an ordinary example of the risk inherent to driving or riding on an ATV. Therefore, finding no error in the trial court's decision to grant the Robertses' motion to dismiss in this case,

Donahue-Jones' single assignment of error lacks merit and is overruled.

{¶ 15} In so holding, we find it necessary to note that, contrary to the trial court's decision in this case, this court has addressed and specifically rejected the argument that the primary assumption of risk doctrine—which is also known as the recreational liability exemption—bars recovery only from a defendant who participates in the activity. *Whitaker v. Davis*, 1997 Ohio App. LEXIS 287 (12th Dist. Jan. 27, 1997). In reaching this decision, we concluded that the rationale underlying the recreational liability exemption could be extended to non-participants because it would be illogical to require evidence of reckless or intentional conduct to recover against participants in the activity, yet allow recovery against non-participant defendants based on the lower standard of negligence. *Id.* at *8-9. Therefore, based on this reasoning, this court held that when a party is injured during a recreational activity, he or she must demonstrate that the defendant acted recklessly or intentionally. *Id.* at *9.

{¶ 16} This court has since declined an appellant's invitation to reconsider this holding. *See Young*, 2017-Ohio-7211 at ¶ 23. In so doing, this court stated:

> The recreational activity exemption is merely a specific iteration of primary assumption of the risk to apply. . . [T]he rationale of primary assumption of risk in the context of the recreational activity exemption is that there are inherent risks in certain recreational activities such that injury may be inevitable. If a person voluntarily engages in such an activity they consent to those risks. The law therefore requires more culpability — reckless or intentional conduct — before liability will attach. Thus, it is the plaintiff's status as a participant or spectator in a recreational activity that determines whether the rule applies and not the defendant's status as a participant.

*Id*.

{¶ 17} In reaching this decision, this court further noted that, while the Ohio Supreme Court has not had the opportunity to weigh in on this precise issue, "other courts

of appeal have extended the primary assumption of risk doctrine to non-participant defendants." *Id.* at ¶ 24, citing as support *Ochall v. McNamer,* 2016-Ohio-8493 (10th Dist.); *Drury v. Blackston*, 2015-Ohio-4725 (3d Dist.); *Curtis v. Schmid*, 2008-Ohio-5239 (5th Dist.); *Santho v. BSA*, 2006-Ohio-3656 (10th Dist.); *Rees v. Cleveland Indians Baseball Co.*, 2004-Ohio-6112 (8th Dist.); *Bundschu v. Naffah*, 2002-Ohio-607 (7th Dist.); and *Karlovich v. Nicholson*, 1999 Ohio App. LEXIS (11th Dist. Sept. 30, 1999). Therefore, although immaterial to the outcome of this case, we nevertheless note our disagreement with the trial court's decision finding the Robertses fell outside of the exception to the primary assumption of risk doctrine for reckless and intentional conduct simply because they were the owners of the ATV and "were not participants in the recreational or sport[ing] activity; they were not driving nor riding the ATVs in question."

**Conclusion**

{¶ 18} For the reasons outlined above, and having now overruled Donahue-Jones' single assignment of error, Donahue-Jones' appeal, challenging the trial court's decision granting the Civ.R. 12(B)(6) motion filed by the Robertses, is denied.

{¶ 19} Judgment affirmed.

BYRNE, P.J., and M. POWELL, J., concur.

## J U D G M E N T   E N T R Y

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Madison County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Matthew R. Byrne, Presiding Judge

/s/ Robin N. Piper, Judge

/s/ Mike Powell, Judge